Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARMEN ROJAS COSME<br><br>Apelante<br><br>v.<br><br>FIRSTBANK PUERTO RICO; EMPRESAS MELCO<br><br>Apelados | KLAN202301026 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2023CV01933 (401)<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Por haberse presentado el recurso de referencia mientras todavía estaba pendiente ante el Tribunal de Primera Instancia ("TPI") una moción de reconsideración de la sentencia apelada, se desestima el mismo por prematuro.

I.

En junio de este año, por derecho propio, la Sa. Carmen Rojas Cosme (la "Apelante") presentó la acción de referencia (la "Demanda"), sobre *fraude, injunction* y *embargo ilegal,* en contra de *Firstbank Puerto Rico* y *Empresas Melco.*

En lo pertinente, el 28 de septiembre, el TPI notificó una sentencia (la "Sentencia"), mediante la cual desestimó la Demanda. El TPI consignó que, el 15 de junio, y luego el 24 de agosto, le había concedido término a la Apelante para gestionar representación legal, pero esta no cumplió con lo ordenado. El TPI advirtió que, luego de la primera orden, le había impuesto una sanción económica a la

Apelante y que, además, en la segunda orden, le había advertido que se desestimaría la Demanda si esta no cumplía con las órdenes del tribunal. El TPI concluyó que, al no haber la Apelante cumplido con las órdenes del tribunal, y al habérsele sancionado previamente y advertido de las consecuencias de su incumplimiento, procedía desestimar la Demanda.

El 5 de octubre, la Apelante presentó un escrito denominado *Moción de Relevo, Nulidad, Falta de Jurisdicción* (sic) (la "Reconsideración")[1]. Hizo referencia a la Sentencia y planteó que la misma era nula; además, insistió en que tenía derecho a auto-representarse. Solicitó que se dictara sentencia a su favor. La Reconsideración está pendiente de adjudicarse.

El 16 de noviembre, la Apelante presentó el recurso que nos ocupa; solicita que revisemos la corrección de la Sentencia.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97

---

[1] Por un error oficinesco en la Secretaría del TPI, la Reconsideración no fue unida al expediente de este caso, sino al expediente de un caso distinto, por lo cual el TPI no tuvo conocimiento oportuno de su presentación.

(2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

La Regla 47 de Procedimiento Civil de 2009, establece un término jurisdiccional de 15 días para que la parte adversamente afectada por una sentencia del TPI solicite reconsideración de la misma; el término para notificarla es de 15 días, pero de cumplimiento estricto. 32 LPRA Ap. V, R. 47. Para que la moción de reconsideración interrumpa el término para apelar, tiene que cumplir con el requisito de particularidad y especificidad que dispone la Regla 47, y el promovente tiene que presentarla y notificarla dentro del término dispuesto para solicitar la reconsideración. *Íd.* Una vez presentada y notificada la misma del modo reseñado, queda interrumpido el término para apelar. *Íd.*

Por su parte, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción. La Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 13(A), establece que el término "jurisdiccional" para presentar el recurso de apelación será de "treinta (30) días", desde el archivo en autos de copia de la notificación de la decisión apelada.

III.

Concluimos que el recurso que nos ocupa fue presentado de forma prematura, por lo cual carecemos de jurisdicción para considerarlo. En efecto, al momento de presentarse el mismo, el TPI

tenía pendiente ante sí una moción de reconsideración de la Sentencia. Como se reseñó arriba, la norma es que una apelación es prematura cuando la misma se presenta antes de resuelta una moción de reconsideración de la sentencia apelada, la cual ha sido oportunamente presentada ante el TPI. Al ser prematura la apelación de referencia, no tenemos jurisdicción para adjudicarla.

IV.

Por los fundamentos anteriormente expuestos, se desestima por prematuro el presente recurso.

Al amparo de la Regla 18 (B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 18[2], el Tribunal de Primera Instancia puede continuar con el trámite del caso ante sí, sin que tenga que esperar por nuestro mandato.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Regla 18- Efecto de la Presentación del escrito de apelaciones en casos civiles.
  (A) Suspensión.--Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, **salvo orden en contrario**, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación. ... (énfasis suplido)