Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JCA HOSPITALITY CORP.<br><br>Recurrente<br><br>v.<br><br>INSTITUTO DE CULTURA PUERTORRIQUEÑA, OFICINA DE GERENCIA DE PERMISOS<br><br>Recurridos | KLRA202400034 | Revisión procedente del Instituto de Cultura Puertorriqueña<br><br>Caso núm.: 2023-510144-REA-014208<br><br>Sobre: Solicitud de Recomendación Ambiental |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Como parte de un proceso de cumplimiento ambiental, una agencia emitió unos comentarios a la agencia encargada de emitir una decisión final. Como se explica en detalle a continuación, procede la desestimación del recurso de referencia pues, al presentarse el mismo, no se había emitido una decisión final revisable ante este foro.

I.

En octubre de 2023, JCA Hospitality Group, Corp. (la "Recurrente"), sometió ante la Oficina de Gerencia de Permisos ("OGPe") una Evaluación Ambiental para la construcción de un edificio ubicado en la calle Caleta 61 en el Viejo San Juan.

El 12 de enero de 2024, el Instituto de Cultura Puertorriqueña ("ICP") emitió una recomendación negativa sobre la acción propuesta por la Recurrente. Razonó que el proyecto era de alta intensidad y ubicado en una zona histórica, lo que requiere la presentación de una nueva solicitud de recomendación de arqueología y conservación histórica (SRA). Concluyó, además, que el proyecto propuesto no cumplía con lo establecido en el

Número Identificador
SEN2024_____

Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios de 2023 ("Reglamento de 2023").

Inconforme, el 24 de enero, la Recurrente presentó el recurso que nos ocupa; formula el siguiente señalamiento de error:

> Erró el Instituto de Cultura Puertorriqueña al emitir su recomendación vinculante a la Oficina de Gerencia y Permisos en el proceso de evaluación ambiental iniciado por ésta referente al desarrollo de un hotel boutique en el solar que ubica en Caleta de San Juan Número 61, aplicando una normativa declarada nula por el Tribunal Supremo de Puerto Rico.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Así pues, un tribunal no puede intervenir en un recurso prematuro. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una

"orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA sec. 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006(c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y; véase, además, Regla 56 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 56; *A.R.Pe. v. Coordinadora*, 165 DPR 850, 865-866 (2005). Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA sec. 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición <u>final</u> de una agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y **debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno**. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Como excepción a la regla de la finalidad, se permite una revisión de una actuación interlocutoria de una agencia cuando esté presente un caso claro de ausencia de jurisdicción de la agencia administrativa. *J. Exam. Tec. Méd.,* 144 DPR a las págs. 491-492; *Comisionado Seguros*, 167 DPR a la pág. 30. Así pues, ante una "situación clara de falta de jurisdicción" o un "caso claro de falta de jurisdicción", es revisable una resolución interlocutoria de la agencia. *Comisionado Seguros, supra*, citando a *J. Exam. Tec. Méd., supra*, y *Procuradora Paciente v. MCS*, 163 DPR 21 (2004).

III.

Mediante la aprobación de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, según enmendada, (Ley 161), 23 LPRA secs. 9011 y ss., se creó la OGPe, adscrita a la Junta de Planificación. En lo aquí pertinente, la OGPe es el organismo encargado de firmar, expedir y notificar las determinaciones de cumplimiento ambiental requeridas por el Artículo 4(b)3 de la Ley sobre Política Pública Ambiental, Ley Núm. 416-2004, según enmendada (Ley 416), 12 LPRA sec. 8001(a); véase, además, Art. 8.5 de la Ley 161, 23 LPRA sec. 9018d.

Respecto a la evaluación de cumplimiento ambiental, el Artículo 8.5 de la Ley 161 establece, lo siguiente:

> El proceso de planificación ambiental es un procedimiento informal sui generis excluido de la aplicabilidad de la Ley de Procedimiento Administrativo Uniforme. El Director Ejecutivo de la Oficina de Gerencia de Permisos, realizará la determinación de cumplimiento ambiental requerida bajo las disposiciones del [Artículo 4(b)(3) de la Ley 416, 12 LPRA sec. 8001(a)], y el reglamento que a los fines de esta sección y de este capítulo, apruebe la Junta de Calidad Ambiental en cuanto a: las acciones que tome con relación al trámite de los documentos ambientales, a las exclusiones categóricas, a las acciones con relación a la determinación de cumplimiento ambiental, y a las determinaciones finales que se le soliciten, de conformidad con este capítulo; y cualquier acción sujeta al cumplimiento con las disposiciones del [Artículo 4(b)(3) de la Ley 416, 12 LPRA sec. 8001(a)].
>
> [...]
>
> La Oficina de Gerencia de Permisos dirigirá el proceso de evaluación del documento ambiental a través de la División de Evaluación de Cumplimiento Ambiental. En el caso de que la Oficina de Gerencia de Permisos sea la agencia proponente, el proceso de planificación ambiental a seguir será el siguiente: cuando el documento ambiental sometido sea una Evaluación Ambiental, la División de Evaluación de Cumplimiento Ambiental evaluará el documento ambiental y remitirá sus recomendaciones al Director Ejecutivo; **siendo éste quien determine el cumplimiento ambiental**, la cual será considerada un componente de la determinación final sobre la acción propuesta. [...]23 LPRA sec. 9018d (énfasis suplido).

Más adelante, dicha sección aclara que "**la determinación de cumplimiento ambiental será revisada, en conjunto con la determinación final, según se establezca por reglamentación que la Oficina de Gerencia de Permisos adopte a tales efectos**". (Énfasis suplido). 23 LPRA sec. 9018d.

Además, el Artículo 8.7 de la Ley 161 establece que:

> En las solicitudes discrecionales, **la Oficina de Gerencia de Permisos** emitirá todas sus determinaciones finales por escrito e incluirá y expondrá en ellas, separadamente, las determinaciones de hecho y conclusiones de derecho que fundamentan su determinación. En el caso de las solicitudes ministeriales, la Oficina de Gerencia de Permisos incluirá en el expediente una evaluación de los parámetros aplicables conforme a las leyes y reglamentos vigentes que utilizó para realizar las mismas. Dicha evaluación no requerirá determinaciones de hechos ni conclusiones de derecho. **La determinación final advertirá del derecho a solicitar la revisión de la misma con expresión de los términos correspondientes para solicitar dicha revisión**. (Énfasis suplido). 23 LPRA sec. 9018f.

Por otro lado, la Regla 137 del Reglamento Núm. 8858, conocido como el Reglamento para el Proceso de Evaluación Ambiental (el "Reglamento"), establece expresamente que la determinación de cumplimiento ambiental deberá incluir, como mínimo, un "apercibimiento del derecho a solicitar revisión o reconsideración [...] con expresión de los términos para solicitar dicha revisión".

IV.

En este caso, la recomendación del ICP claramente no es una determinación final, pues la misma es solo una parte de un proceso que todavía está pendiente ante la OGPe, quien es la encargada de oportunamente emitir una determinación final. Es decir, el trámite ante la OGPe no ha concluido, pues los comentarios emitidos por el ICP, aunque parte del proceso ante la OGPe, no equivalen a, ni pueden considerarse como, una decisión final de la OGPe. Precisamente por ello es que, al notificar sus comentarios, el ICP no

le advirtió a la Recurrente que tuviese derecho a solicitar la revisión judicial de los mismos. Véanse Artículo 8.7 de la Ley 161 y la Regla 137 del Reglamento.

Tampoco estamos, ni se ha planteado que estemos, ante un caso en que la OGPe no tenga jurisdicción sobre el asunto de referencia. En efecto, no hay controversia sobre el hecho de que la OGPe sí tiene jurisdicción para emitir la determinación de cumplimiento ambiental ante su consideración. Adviértase que la ausencia de jurisdicción que activa la excepción a la aludida regla de finalidad se refiere a la autoridad general de la agencia para entender en el caso en primera instancia, no a un hipotético y futuro error en la forma en que la agencia determine ejercer su indisputada jurisdicción.

En fin, ante el hecho de que la Recurrente pretende la revisión administrativa de un incidente preliminar dentro de un proceso que aún no ha culminado con una determinación final de la OGPe, y ante el hecho de que la OGPe claramente tiene jurisdicción para considerar y emitir la determinación de cumplimiento ambiental, concluimos que no tenemos jurisdicción sobre el recurso de referencia.

V.

Por los fundamentos previamente expuestos, se desestima el presente recurso por falta de jurisdicción, al ser el mismo prematuro.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones