Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CREDITO DE AGUADILLA<br><br>**Recurridos**<br><br>v.<br><br>ANGEL VAZQUEZ HERNANDEZ, SU ESPOSA, MILDRED VARGAS SANCHEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ENRIQUE QUIÑONES VAZQUEZ, SU ESPOSA, JAIMYS SANTANA GONZALEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>**Peticionarios** | KLCE202400190 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. **AG2023CV00269 (601)**<br><br>Sobre: COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA POR LA VIA ORDINARIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparecen ante nos los peticionarios Enrique Quiñones Vázquez, Jaimys Santana González y la Sociedad Legal de Bienes Gananciales, compuesta por ambos, en adelante, Vázquez-Santana o peticionarios, solicitando que revisemos el *"Mandamiento Sobre Ejecución de Sentencia"* notificado el 31 de octubre de 2023 por el Tribunal de Primera Instancia Sala de Aguadilla, en adelante, TPI-Aguadilla. En la misma, se ordenó la venta judicial del inmueble en controversia.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso solicitado.*

Número Identificador

RES2024 _____

**I.**

El caso de epígrafe versa sobre la finca, con número registral 13,292.[1] La misma es una propiedad situada en el Barrio Caimital Bajo, en el Municipio de Aguadilla.[2] Según los hechos narrados en la *"Demanda Enmendada"* incoada en el Foro Primario el 28 de febrero de 2023, y que en esta etapa apelativa ahora nos ocupa, sobre esta, se constituyó una hipoteca el 9 de septiembre de 2008, entre el acreedor hipotecario, la Cooperativa de Ahorro y Crédito de Aguadilla, en adelante, Cooperativa o recurrido, y los esposos Ángel Vázquez Hernández, Mildred Vargas Sánchez y la Sociedad Legal de Bienes Gananciales compuesta por ambos, en adelante, Vázquez-Vargas o codemandados.[3] De la hipoteca en cuestión, los codemandados otorgaron un pagaré a favor de la Cooperativa, por la suma de suma de 165,750 dólares, más intereses.[4]

Ahora bien, ambas partes alegan que el 29 de noviembre de 2013, los peticionarios adquirieron la propiedad objeto de la hipoteca, mediante escritura de compraventa.[5] De la *"Certificación de Propiedad Inmueble"* emitida por Registro Inmobiliario del Estado Libre Asociado de Puerto Rico el 6 de diciembre de 2023, surge que los titulares registrales de la finca número 13,292, son Vázquez-Santana, los aquí peticionarios.[6] Sin embargo, alega la recurrida que esta compraventa se hizo sin su conocimiento.[7]

Según reza la demanda, los codemandados dejaron de hacer los pagos pertinentes en el 2019, y al momento de la radicar la misma, adeudaban 170,138.91 dólares, en concepto de la deuda principal, intereses y recargos.[8] En su petitorio ante el TPI-

---

[1] Apéndice del recurso, pag. 70.
[2] *Id.* pág. 30.
[3] *Id.*
[4] *Id.* pág. 32.
[5] *Id.* pág. 32 y 38.
[6] *Id.* pag. 70.
[7] *Id.* pág. 32.
[8] *Id.* pág. 16.

Aguadilla, la Cooperativa indicó que como no tuvo conocimiento de la compraventa entre los codemandados y los peticionarios, al amparo de una cláusula de aceleración en la escritura de la hipoteca, tenía derecho a exigir el vencimiento de la deuda, y en su defecto, ejecutar el bien hipotecario.[9] La recurrida solicitó, entre otras cosas, que el Foro Primario ordenara la ejecución de la garantía hipotecaria, es decir, la finca número 13,292, y se vendiera la misma en pública subasta.[10]

El 20 de julio de 2023, Vázquez-Santana presentaron su *"Contestación a Demanda Enmendada"*.[11] En su contestación, los peticionarios alegan que, junto a Vázquez-Vargas, intentaron hacer los trámites para la sustitución consentida del deudor de la hipoteca, pero que fue la Cooperativa quien se negó a ello.[12] Aducen, además, que la recurrida, no empece a no haber facilitado la sustitución, continuó aceptando los pagos realizados por los peticionarios.[13] Además, alegaron que en marzo del año 2020, intentaron hacer los pagos en mora, pero la recurrida no se lo permitió.[14]

El 26 de junio de 2023, la Cooperativa solicitó que se dictara sentencia sumaria.[15] Dos días después, el 28 de junio de 2023, la recurrida solicitó que se les anotara la rebeldía a los codemandados, por haber transcurrido el término dispuesto por ley para comparecer al pleito de epígrafe, para el cual fueron debidamente emplazados.[16]

En el interín, el 4 de agosto de 2023, el TPI-Aguadilla emitió una *"Orden de Referido al Centro de Mediación de Conflictos en*

---

[9] Apéndice del recurso, pág. 34. Hacemos constar que en el expediente que obra en autos, no disponemos del documento aludido.
[10] *Id.* pág. 36.
[11] *Id.* pág. 37.
[12] *Id.* pág. 37.
[13] *Id.* pág. 38.
[14] *Id.* pág. 39.
[15] *Id.* pág. 8.
[16] *Id.* pág. 8.

*Casos de Ejecución de Hipotecas para atenderse mediante Videoconferencia".*[17]

Sin embargo, el 12 de septiembre de 2023, el TPI-Aguadilla, notificó una *"Sentencia"* en la que dispuso que por "haberse vendido la propiedad antes descrita sin que mediara autorización a ello de parte del acreedor hipotecario" declaró con lugar la demanda.[18] En consecuencia, estableció que si al advenir final y firme su determinación, sin que las partes efectúen lo adeudado a la Cooperativa, ordenaría la venta en pública subasta de la propiedad hipotecada.[19]

Luego, el 2 de octubre del mismo año, compareció el Centro de Mediación de Conflictos, por medio de una *"Moción Informativa sobre Resultado de Caso de Ejecución de Hipoteca Atendido Mediante Servicio de Videoconferencia".*[20] Indicó que, llegado el día de la videoconferencia, la parte recurrida notificó sobre la "Sentencia" del TPI-Aguadilla del 12 de septiembre de 2023, y que por esto la mediación quedaba sin efecto.[21]

El 3 de octubre de 2023, los peticionarios presentaron una *"Moción Solicitando Señalamiento"*, para atender las alegaciones y defensas levantadas, ya que forma parte con interés en el caso de epígrafe.[22] A esto último, el TPI-Aguadilla notificó el 4 de octubre de 2023, que no tenía "[n]ada que proveer", puesto que el caso ya disponía de una sentencia.[23]

Posteriormente, el 31 de octubre de 2023, la Cooperativa radicó una *"Moción Solicitando Ejecución de Sentencia".*[24] El 7 de noviembre de 2023, el Foro Primario expidió un el *"Mandamiento*

---

[17] Apéndice del recurso, pág. 44.
[18] *Id.* pág. 12
[19] *Id.* pág. 12.
[20] *Id.* pág. 49.
[21] *Id.*
[22] *Id.* pág. 51.
[23] *Id.* pág. 52.
[24] *Id.* pág. 53.

*Sobre Ejecución de Sentencia".*[25] El 10 de noviembre de 2023, Vázquez-Santana presentó una *"Moción Informativa y Oposición a Ejecución de Sentencia".* Ese mismo día, el Foro Primario notificó que no tenía "[n]ada que proveer".[26]

Así las cosas, el 8 de enero de 2024, el peticionario presentó ante el TPI-Aguadilla una *"Moción al Amparo de la Regla 49.2 de Procedimiento Civil"*, solicitando el relevo de la *"Sentencia"* en cuestión.[27] El 16 de enero de 2024, el Foro Primario declaró "No Ha Lugar" el remedio solicitado por el recurrido.[28]

Finalmente, Vázquez-Santana presentó una *"Moción de Reconsideración"*, el 30 de enero de 2024.[29] *No encontramos en el apéndice ni obra en el expediente la contestación a esta última moción presentada.* Tampoco surge del Sistema Unificado de Manejo y Administración de Casos, en adelante, SUMAC, que el foro recurrido haya atendido la reconsideración solicitada por Vázquez-Santana.

Así las cosas, el 14 de febrero de 2024, los peticionarios comparecieron ante esta Curia mediante una *"Moción en Auxilio de Jurisdicción"*, y la *"Solicitud de Expedición de Auto de Certiorari"*. Mediante *"Resolución"* el mismo día, este Tribunal declaró "No Ha Lugar" la moción de auxilio.

En su petición de *certiorari,* el Vázquez-Santana plantea que el Foro Primario incurrió en tres errores:

> PRIMER ERROR: INCIDIÓ EL HONORABLE TPI AL AUTORIZAR UN MANDAMIENTO DE EJECUCIÓN DE SENTENCIA (EL 31 DE OCTUBRE DE 2023) Y UNA ORDEN DE EJECUCIÓN DE SENTENCIA (EL 7 DE NOVIEMBRE DE 2023) DE UNA SENTENCIA DICTADA EN REBELDÍA CONTRA VARIOS CODEMANDADOS CUANDO LA PARTE

---

[25] Apéndice del recurso, pág. 1.
[26] *Id.* pág. 59.
[27] *Id.* pág. 60.
[28] *Id.* pág. 71.
[29] *Id.* pág. 72.

PETICIONARIA SE ENCONTRABA ACTIVAMENTE LITIGANDO EL CASO DE TÍTULO.

SEGUNDO ERROR: INCIDIÓ EL HONORABLE TPI AL DICTAMINAR LOS MENCIONADOS MANDAMIENTO DE EJECUCIÓN DE SENTENCIA Y ORDEN DE EJECUCIÓN DE SENTENCIA DEJANDO EN EL DESAMPARO A LA PARTE PETICIONARIA SIN SU DÍA EN CORTE Y EN RIESGO DE NO PODER DEFENDER SU INTERÉS EN LA PROPIEDAD INSCRITA A SU NOMBRE EN EL REGISTRO DE LA PROPIEDAD.

TERCER ERROR: INCIDIÓ EL HONORABLE TPI AL DECLARAR NO HA LUGAR LA MOCIÓN AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL INSTADA POR LA PARTE PETICIONARIA PARA QUE SE LE RELEVARA DE LOS EFECTOS TAN PERJUDICALES DE LOS DOCUEMNTOS NOTIFICADOS POR INSTANCIA LOS DÍAS 31 DE OCTUBRE Y 7 DE NOVIEMBRE DE 2023.

Expuesto el cuadro fáctico del caso ante nuestra consideración, procedemos a expresarnos.

## II.

### A. Jurisdicción

Es norma conocida, que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Matos Zayas y otros v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage v. Fosass Blanco et al*, 211 DPR 135, 144 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del

tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500.

Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Torres Alvarado v. Madera Atiles, supra; Morán v. Martí,* 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, resulta innecesario entrar en los méritos del caso. *MCS Advantage, Inc. v. Fossas Blanco y otros*, supra.

A estos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C) dispone que este Tribunal, a iniciativa propia, puede desestimar un recurso por los criterios consignados en el sub inciso anterior, que rezan de la siguiente manera:

> (1) *que el Tribunal de Apelaciones carece de jurisdicción;*
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
>
> Regla 83 (B), supra, 4 LPRA Ap. XXII-A, R. 83 (C).

Una de las circunstancias que afecta la jurisdicción de un tribunal es la presentación de un *recurso prematuro*. Un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración de un foro apelado, o sea, que aún no ha sido finalmente resuelta. *Yumac Home*

*v. Empresas Masso*, 194 DPR 96, 107 (2015). Es decir, un recurso prematuro es el que se presenta antes de tiempo. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Íd. Esto es así puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, "pues en ese momento en el tiempo –*punctum temporis*– aún no ha nacido autoridad judicial [...] alguna para acogerlo". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### B. Reconsideración

Es harto conocido que los foros judiciales tienen la facultad de reexaminar o reconsiderar sus dictámenes, siempre que ostenten la jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR*, 2023 TSPR 107, 212 DPR ___ (2023); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 422-423 (2022); *Pueblo v. Silva Colón*, 184 DPR 759, 778 (2012).

La Regla 47 de Procedimiento Civil, supra, 32 LPRA Ap. V, R. 47, es la disposición estatutaria que regula esta función judicial. Con relación a las solicitudes de reconsideración, la precitada regla dispone lo siguiente:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> [...]
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. ***Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración***.
>
> Id. (Énfasis suplido).

Los procesos de revisión ante los Tribunales deben seguir el orden establecido por las Reglas de Procedimiento Civil, supra. La parte afectada en una sentencia puede apelarla ante el Tribunal de Apelaciones, como también puede presentar ante el foro originario una reconsideración.

La regla en cuestión dispone que, una vez presentada la reconsideración ante el Tribunal de Primera Instancia, los demás términos para recurrir quedan interrumpidos. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Los términos para recurrir a un foro superior, en estos casos, comienzan a cursar cuando el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución en la que resuelva la reconsideración. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Colón Burgos v. Marrero Rodríguez*, supra, pág. 338.

Es por esto que, cuando una parte recurre ante el Tribunal de Apelaciones, sin que se haya resuelto una moción de reconsideración pendiente ante el Tribunal de Primera Instancia, presenta un recurso apelativo que adolece del defecto insubsanable de falta de jurisdicción. *S.L.G. Szendrey Ramos v. F. Castillo*, 169, DPR 873, 883 (2007); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 403 (1999).

### III.

El peticionario solicitó el remedio provisional de relevo de sentencia, provisto en la Regla 49.2 de Procedimiento Civil, supra, para vindicar sus intereses en el caso de marras, y sobre los cuales recayó una sentencia adversa. El TPI-Aguadilla la declaró "No Ha Lugar". Es por esto que el peticionario le solicitó al Foro Primario que reconsiderara su determinación. Según los documentos ante nuestra consideración y de la revisión de SUMAC, el Foro Primario no ha atendido la misma. Esto último concluimos, pues no obra en

autos la determinación del TPI-Aguadilla, con respecto a la reconsideración solicitada.

Como estableciéramos previamente, las Reglas de Procedimiento Civil, supra, indican que una vez se solicite ante el Tribunal de Primera Instancia una reconsideración, los términos para la revisión judicial quedan suspendidos, hasta tanto se atienda el mismo. Quiere esto decir que, hasta tanto el Foro Primario no se exprese en cuanto a la reconsideración solicitada, los términos de revisión ante este foro no marchan.

El peticionario nos presentó un recurso sin que se atendiera la reconsideración solicitada en el TPI-Aguadilla, por lo que recurrió ante esta Curia de manera inoportuna.

**IV.**

Por los fundamentos que anteceden, *se desestima el recurso por falta de jurisdicción, por prematuro.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones