Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ASTRID E. ORTIZ COLÓN<br><br>Recurrida<br><br><br>v.<br><br><br>ELIAM GONZÁLEZ GONZÁLEZ<br><br>Peticionario | KLCE202500063 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Salinas<br><br>Caso Núm. GML2842024-01435 (51)<br><br>Sobre:<br>Orden de Protección; Ley Contra el Acecho en Puerto Rico, Ley 284 de 21 de agosto de 1999, según enmendada |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece el Sr. Eliam González González (señor González González o peticionario) y solicita que revoquemos una *Resolución* notificada el 27 de diciembre de 2004 por el Tribunal de Primera Instancia, Sala Municipal de Salinas (TPI).[1] Mediante el referido dictamen, el foro primario determinó que el peticionario debería "*seguir el trámite correspondiente con la Policía de Puerto Rico*", lo que significó el rechazo a una *Moción en Solicitud de Orden* presentada por el peticionario el 20 de diciembre de 2024 a fines de que el Tribunal ordenase la devolución de un arma de fuego, dos cargadores y municiones pertenecientes al señor González González. Dicha arma de fuego, así como los abastecedores y municiones le fueron ocupadas al peticionario, luego de que se expidiera de una *Orden de Protección Ex Parte* en su contra al amparo de las disposiciones de la Ley Contra el Acecho en Puerto Rico, Ley Núm. 284-1999, según enmendada, 33

---
[1] Apéndice de la Petición de *Certiorari*, Anejo 4, pág. 9.

LPRA Secs. 4013 y siguientes, que fuera solicitada por la Sra. Astrid E. Ortiz Colón (señora Ortiz Colón o recurrida).

Examinada la totalidad del recurso presentado, notamos la concurrencia de defectos procesales en la notificación de la determinación recurrida que impiden que al momento podamos ejercer nuestra función revisora. En consecuencia, y por las razones que expondremos a continuación, desestimamos el recurso por falta de jurisdicción. Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

**-I-**

El caso ante nuestra consideración se origina en la expedición de una *Orden de Protección Ex Parte* al amparo de la Ley 284, *supra*, a favor de la señora Ortiz Colón y en contra del señor González González, por considerar el TPI que existía un riesgo a la seguridad para la recurrida. Lo anterior, a consecuencia de ciertos incidentes acaecidos el 26 de septiembre de 2024, así como los días 3 y 4 de octubre de 2024.

Como parte del trámite de la referida *Orden de Protección*, el TPI pautó una vista en sus méritos para el 29 de octubre de 2024. En dicha fecha, el foro primario, previo acuerdo de las partes, refirió a las mismas al Centro de Mediación de Conflictos (CDM), extendiendo la vigencia de la *Orden de Protección Ex Parte* hasta el 20 de noviembre de 2024.

Llamado el caso para la celebración de la vista en sus méritos en la fecha antes indicada, el TPI acogió la "Notificación al Tribunal sobre Resultados de Referido" presentada por el CDM, en la cual se consignó que las partes se comprometían a mantener un trato basado en respeto y la cordialidad así como a evitar interferir el uno con el otro absteniéndose de hacer comentarios entre ellos y con sus respectivos

familiares.[2]  Como resultado de lo anterior, el foro primario ordenó el cierre y archivo de caso ante sí.

Así las cosas, el 20 de diciembre de 2024 el peticionario presentó la antes mencionada *Moción en Solicitud de Orden,* la cual, como se consignara previamente, fue rechazada por el TPI con la expresión antes transcrita.  Cabe destacar que ni la referida comparecencia del peticionario, así como la determinación del Foro Primario aquí recurrida, fueron notificadas a la señora Ortiz Colón.

Inconforme, el 23 de enero de 2025, el peticionario acudió ante nos mediante el presente recurso de *certiorari,* en el cual le atribuyó al TPI la comisión del siguiente error:

> **Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de arma y arma ocupada, refiriendo el asunto a un trámite administrativo con la Policía de Puerto Rico, cuando la jurisdicción y la competencia de tal solicitud corresponde al Tribunal.**

En síntesis, el peticionario plantea que procede revocar la *Resolución* recurrida y ordenar la devolución de su licencia de armas, arma de fuego, cargadores y municiones de forma inmediata sin necesidad de acudir ante el Negociado de la Policía. Lo anterior, pues considera que al no haberse emitido una orden de protección final, no podía imponerse una restricción a su derecho sobre las mismas. Añade que, ante el acuerdo alcanzado y la determinación de archivar el caso, no existe determinación alguna de peligrosidad por parte de su persona.  También sostuvo que este Tribunal ha determinado que la autoridad de atender una solicitud de devolución de licencia de armas recae en el TPI y no en el Negociado.  A esos efectos citó los casos de *Pérez Burgos v. Avilés Cruz,* KLCE202400542, *Moreno Irizarry v. Medina Rivera,* KLCE202200024, *Álvarez Santos v. Martell Ruiz,* KLCE201101434 y *Flores Rolón v. González Pérez,* KLCE201500420.

---

[2] Anejo 2, Pág. 7.

Cabe destacar que en su comparecencia, el peticionario, por conducto de su representación legal, consignó que no se notificó copia del recurso a la recurrida porque no se incluyó la dirección postal de ésta en las notificaciones del TPI y porque dicha información no le fue provista por la Secretaría del TPI, donde, sostuvo, le indicaron que la misma era confidencial.

Así las cosas, el 6 de febrero de 2025 la Oficina del Procurador General (OPG) presentó una Comparecencia Especial en la que sostuvo que no era parte en el proceso de orden de protección y que como tal no podía considerarse parte en el proceso apelativo dimanado del mismo. Establecido lo anterior, la OPG apuntó que el recurso ante nuestra consideración no había sido notificado a la parte peticionaria.

**-II-**

**-A-**

La jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); véase, además, *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *MCS Advantage, Inc. v. Fossas Blanco, supra*, pág. 600; véase, además, *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012).

Nuestro máximo foro ha resuelto que los asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. Íd. Asimismo, la falta de jurisdicción conlleva serias consecuencias: (1) no es susceptible de ser subsanada; (2) las

partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018) (citando a *Lozada Sánchez v. JCA,* 184 DPR 898, 909 (2012)). Es por ello que los foros adjudicativos deben examinar no solo su propia jurisdicción sino también la del foro inferior. Íd., pág. 387. Igualmente, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. Íd., págs. 386-387; véase, además, la Regla 83(B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 83.

**-B-**

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro, pues este "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre [...] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico...". Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008); Pueblo v. Santana Rodríguez, 148 DPR 400, 402 (1999).

Conforme a lo anterior, la Regla 83(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B), establece que una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

1. que el Tribunal de Apelaciones carece de jurisdicción;
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o de buena fe;
4. que el recurso frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
5. que el recurso de ha convertido en académico.

**-C-**

El Tribunal Supremo ha establecido que en "una sentencia se adjudican las controversias habidas en un pleito y se definen los derechos de las partes involucradas". *Vélez v. A.A.A.*, 164 DPR 772, 785 (2005); *Falcón v. Maldonado*, 138 DPR 983, 989 (1995); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 656 (1987).  Es por ello que es imprescindible la notificación pronta y correcta de las sentencias, toda vez que los términos jurisdiccionales para instar los recursos apelativos comienzan a decursar a partir del archivo en autos de copia de la notificación. A estos efectos, las Reglas de Procedimiento Civil, 32 LPRA Ap. V., rigen lo correspondiente a las formalidades y procedimientos que se requieren para poder presentar un recurso apelativo luego que se dicta una sentencia o una resolución, según sea el caso.

Así, las Reglas de Procedimiento Civil, supra, imponen a la Secretaría del Tribunal la obligación de: 1) **notificarla a la brevedad posible a todas las partes**; 2) **archivar en autos una copia de la notificación**; y, a su vez, 3) **notificar dicho archivo a las partes**. R & G Mortgage v. Arroyo Torres y otros, 180 DPR 511, 519-520 (2010). Para ello, la Regla 46 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 46, dispone:

> Será deber del Secretario o de la Secretaria notificar a la mayor brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. **La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo**. (Énfasis suplido)

**-III-**

En el caso ante nuestra consideración, el peticionario presentó su recurso de *Certiorari* el 23 de enero de 2025. No está en

controversia, por admisión del propio peticionario y por así surgir del expediente, que no se notificó a la parte recurrida copia del recurso. Un examen del expediente refleja que tampoco había notificado de la *Moción en Solicitud de Orden* a la parte recurrida y que el Foro Primario omitió notificar su determinación a dicha parte.[3]

En este caso, no cabe duda que la Secretaría del TPI no notificó la determinación recurrida a la señora Ortíz Colón. Por tal razón, la notificación es ineficaz. Ante ello, es indispensable notificar el dictamen, conforme requieren las Reglas de Procedimiento Civil. Hasta que la *Resolución* recurrida no se notifique correctamente, los términos para acudir ante este Foro no comenzarán a decursar.

Considerada la totalidad del expediente y la normativa aplicable, estamos obligados a desestimar el recurso de *certiorari* por falta de jurisdicción, a tenor con la Regla 83 (B) y (C) del Reglamento de este Tribunal, *supra*, al haberse presentado prematuramente.

**-IV-**

Por los fundamentos expuestos, se desestima el recurso de *certiorari* presentado por el peticionario por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] No somos ajenos a la circunstancia de que el peticionario alegó que desconocía la dirección de la recurrida. Sin embargo, de las determinaciones de hechos de la Orden de Protección Ex -Parte se desprende, como determinación de hecho, que el peticionario conoce el lugar donde reside la recurrida. Esto le debió permitir notificarle su moción ante el TPI, así como el recurso que nos ocupa, por alguno de los medios reconocidos en las Reglas de Procedimiento Civil y en el Reglamento de este Tribunal. De otra parte, la Secretaría del TPI cuenta con los mecanismos y recursos necesarios para notificar a una parte, como la aquí recurrida, de sus determinaciones sin poner en riesgo la confidencialidad de la dirección de dichas partes.