EL PUEBLO DE PUERTO RICO, peticionario, *v.* HÉCTOR SANTANA RODRÍGUEZ, recurrido.

*Número:* CC-98-254      *Resuelto:* 25 de mayo de 1999

---

*Yasmín Chaves Dávila*, Procuradora General Auxiliar, y *Edda Serrano Blasini*, Subprocuradora General, abogadas de El Pueblo; *Neddie Feliciano Jiménez*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

■ *Prematuro, lo que ocurre antes de tiempo*; en el ámbito procesal, una apelación o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. Véase *Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997).

■ *Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de la falta de jurisdicción.*

Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una *moción informativa*. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso (con *su apéndice*) y efectuar su notificación dentro del término jurisdiccional.

■ La *falta de jurisdicción por prematuridad* no acontece cuando se dicta la resolución para desestimar el recurso; *el momento decisorio y crucial es la fecha de su presentación, no el de esa resolución*. Carente de eficacia jurídica interruptora; si acaso, la única otra decisión sería

ordenar su desglose y devolución al presentante.(¹) Con este marco jurídico-conceptual en mente, expongamos el trasfondo procesal del recurso ante nos.

## II

Héctor Santana Rodríguez fue acusado y convicto de tentativa de asesinato e infracciones a los Arts. 8 y 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 418 y 416. El 26 de septiembre de 1997, el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. José Ángel Rodríguez Arenas), lo sentenció a nueve (9) años de reclusión por la tentativa y cinco (5) y cuatro (4) años, respectivamente, por las infracciones a los Arts. 8 y 6, *supra*. En dicha sentencia, erróneamente se hizo constar que Santana Rodríguez había hecho alegación de culpabilidad, por lo que el 6 de octubre, se emitió una sentencia enmendada, en la cual corrigió ese error.

El 16 de octubre, en tiempo, Santana Rodríguez solicitó reconsideración al Tribunal de Primera Instancia; aún así, al día siguiente, presentó apelación ante el Tribunal de Circuito de Apelaciones. Por entender que era *prematura*, el Ministerio Público pidió no se aceptara el alegato de Santana Rodríguez y se le eximiera de presentar el suyo hasta completado el trámite de la exposición narrativa de la prueba.

Así las cosas, el 20 de octubre, notificada el 22, el Tribunal de Primera Instancia proveyó *no ha lugar* a la reconsideración. *Transcurrieron treinta (30) días sin que*

---

(¹) La jurisdicción no es una facultad susceptible de originarse mediante trámites internos de conservación de documentos en la Secretaría del tribunal apelativo.

Las facilidades físicas y los anaqueles de archivos son limitadas, particularmente las del Tribunal de Circuito de Apelaciones.

*No hay razón alguna para convertir las secretarías u oficinas de los jueces en una extensión más de las oficinas de archivos ("record room") de los abogados con el propósito de conservarles los originales y las copias de los recursos tempranamente inoportunos, que no debieron ni podían ser válidamente presentados por carecerse de jurisdicción.*

*Santana Rodríguez apelara, y el Ministerio Público pidió
la desestimación del primer recurso.* El Tribunal de Cir-
cuito de Apelaciones (Hons. Arbona Lago, Negroni Cintrón
y Salas Soler, Jueces) se negó a desestimar fundado en que,
si bien la apelación del 17 de octubre *fue prematura,* esa
condición cesó al momento en que el tribunal de instancia
declaró no ha lugar la reconsideración. Consignó que "la
apelación de epígrafe quedó liberada de [ese]
impedimento". Inconforme, a solicitud del Procurador Ge-
neral expedimos este *certiorari.*(²)

## III

■    Según la Regla 194 de Procedimiento Criminal,
34 L.P.R.A. Ap. II(³) —expositiva del procedimiento para
formalizar una apelación— *la presentación oportuna de
una moción de reconsideración interrumpe automática-
mente el término jurisdiccional de treinta (30) días para
apelar o acudir en "certiorari" al foro apelativo.* Así clara-
mente establece: "si cualquier parte solicitare la reconsi-

---

(²) Señala:

"Incidió en error el Honorable Tribunal de Circuito de Apelaciones, Circuito
Regional VII de Carolina y Fajardo, al denegar la Moción de Desestimación presen-
tada en el caso del epígrafe, toda vez que este Honorable Foro carece de jurisdicción
para entender en la solicitud de apelación presentada a su consideración, a tenor con
lo resuelto en la Opinión Normativa de *Hernández vs. Marxuach,* res. en 3 de febrero
de 1997, 97 J.T.S. 16." Petición de *certiorari,* pág. 4.

(³) La Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone, en lo
pertinente:

*"Regla 194. Procedimiento para Formalizar la Apelación:*

"La apelación se formalizará presentando un escrito de apelación en la secreta-
ría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secre-
taría del Tribunal de Circuito de Apelaciones, dentro de los treinta (30) días siguien-
tes a la fecha en que la sentencia fue dictada, pero si dentro del indicado período de
treinta (30) días se presentare una moción de nuevo juicio fundada en las Reglas
188(e) y 192, el escrito de apelación podrá presentarse dentro de los treinta (30) días
siguientes a aquél en que se notificare al acusado la orden del tribunal denegando la
moción de nuevo juicio.

*"Si cualquier parte solicitare la reconsideración de la sentencia dentro del tér-
mino improrrogable de quince (15) días desde que la sentencia fue dictada, el término
para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo
comenzará a partir de la fecha en que se archive en autos la notificación de la reso-
lución del tribunal adjudicando la moción de reconsideración."* (Énfasis suplido.)

deración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, *el término para radicar el escrito de apelación o certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración*". (Énfasis suplido.) Íd.

■ Es evidente, pues, que en lo procesal penal no existe el riesgo inherente de la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III,([4]) que cualifica el efecto interruptor de la reconsideración a que el tribunal de instancia no la rechace de plano expresamente o por inacción (no acogerla).

■ En *Hernández v. Marxuach Const. Co.*, supra, al interpretar la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, análoga a la Regla 194 de Procedimiento Criminal, `supra([5]) —dispositiva de que la oportuna presentación de una reconsideración interrumpe el término para acudir en *certiorari* a este Tribunal Supremo— sostuvimos que "ante la presentación de una moción de reconsideración *se desvanece* lo actuado por el Tribunal de Circuito de Apelaciones, por lo que nos encontramos *carentes de jurisdicción* para atender el recurso". Resolvimos, además, que una negativa o modificación en reconsideración "*no reac-*

([4]) La Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente:

"La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

([5]) Se diferencia de que es ante el Tribunal de Circuito de Apelaciones.

*tiva automáticamente el recurso presentado prematuramente"*. De interesarse la revisión del dictamen, es menester *presentar nuevamente el recurso dentro del término jurisdiccional.*

En el caso que nos ocupa, luego de resuelta la reconsideración por el tribunal de instancia es que comenzó el término jurisdiccional para apelar. Pasaron los treinta (30) días y Santana Rodríguez no presentó su apelación nuevamente. El Tribunal de Circuito de Apelaciones carecía de jurisdicción para reactivar su *prematura* apelación.

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.