Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| LILLIAN RENTAS CINTRÓN<br><br> Demandante-Apelante<br><br>   Vs.<br><br>DR. MAURO FERNÁNDEZ GONZÁLEZ MD, JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; COMPAÑÍA ASEGURADORA A; HOSPITAL SAN CRISTÓBAL; COMPAÑÍA ASEGURADORA B<br><br> Demandados-Apelados | KLAN202300052 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JDP2016-0116 (602)<br><br>Sobre: Daños y Perjuicios (Impericia Médica) |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró

Méndez Miró, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2023.

La Sra. Lillian Rentas Cintrón (señora Rentas), solicita que este Tribunal revise la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 13 de diciembre de 2022.[1] En esta, el TPI declaró ha lugar la *Moción Solicitando Sentencia Sumaria Parcial* que presentó el Dr. Mauro Fernández González (doctor Fernández) y la *Moción de Sentencia Sumaria Parcial* que presentó el Hospital San Cristóbal (Hospital).

Se desestima por falta de jurisdicción.

**I. Tracto Procesal y Fáctico**

El 6 de abril de 2016, la señora Rentas presentó una *Demanda* sobre impericia médica contra el doctor Fernández y el Hospital.

---

[1] El TPI la notificó a las partes el 14 de diciembre de 2022.

Número Identificador
SEN2023_____

Luego de varios trámites procesales, el 10 de febrero de 2021, compareció el Hospital mediante una *Moción de Sentencia Sumaria Parcial*.[2] Por su parte, 11 de febrero de 2021, el doctor Fernández presentó una *Moción Solicitando Sentencia Sumaria Parcial*.[3] La señora Rentas se opuso mediante una *Oposición a Solicitud de Sentencia Sumaria del Codemandado Dr. Mauro Fernández*[4] y *Oposición a Solicitud de Sentencia Sumaria*[5].

El 13 de diciembre de 2022, el TPI emitió una *Sentencia*.[6] Declaró ha lugar la *Moción de Sentencia Sumaria Parcial* que presentó el Hospital y la *Moción Solicitando Sentencia Sumaria Parcial* del doctor Fernández. En consecuencia, desestimó con perjuicio la *Demanda* que presentó la señora Rentas.

Inconforme, el 17 de enero de 2023, la señora Rentas presentó una *Apelación* e indicó:

> Erró el [TPI] al determinar que no existe controversia material sobre los hechos medulares que impidiera al [TPI] dictar sentencia sumaria.

El 24 de enero de 2023, el doctor Fernández presentó una *Moción de Desestimación*. Indicó que procedía la desestimación de la *Apelación* por haberse presentado tardíamente. En esa misma fecha, compareció el Hospital mediante *Moción para Unirse a Solicitud de Desestimación*.

Con el beneficio de la comparecencia de las partes, se resuelve.

## II. Marco Legal

La jurisdicción consiste en la autoridad o el poder que tiene el tribunal para atender y decidir un caso o

---

[2] Apéndice de *Apelación*, págs. 113-150.
[3] *Íd.*, págs. 31-112.
[4] *Íd.*, págs. 151-162.
[5] *Íd.*, págs. 163-173.
[6] *Íd.*, págs. 1-29.

controversia. *Fuentes Bonilla v. Estado Libre Asociado de Puerto Rico*, 200 DPR 364, 372 (2018). Los tribunales deben ser guardianes celosos de su jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Por ello, tienen la obligación de verificar la existencia de esta, *motu proprio*, sin necesidad de un señalamiento previo de alguna de las partes. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La falta de jurisdicción no es subsanable, por lo que el tribunal está impedido de asumir jurisdicción donde no la hay. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Souffront v. AAA*, 164 DPR 663, 674 (2005). Las partes no pueden conferirle jurisdicción al tribunal. Por consiguiente, al determinar la carencia de jurisdicción, el tribunal debe desestimar la reclamación sin entrar en sus méritos. Si un tribunal dicta una sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o ultra vires. *Cordero et al. v. ARPE et al.*, 187 DPR 445, 447 (2012).

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso <u>tardío</u> o prematuro, pues este "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico…". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Al igual que un recurso presentado prematuramente, <u>un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción</u>. Neto: su presentación carece de eficacia.

La Regla 13 (A) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 13 (A), establece que el término para presentar el recurso de apelación será "dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la notificación de la sentencia".

De otro lado, el mismo Reglamento en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

A la luz de esta normativa, se resuelve.

### III. Discusión

Los tribunales están obligados a verificar su jurisdicción antes de entrar en los méritos de cualquier controversia.[7] Así, este Tribunal debe expresarse, primero, sobre el escollo jurisdiccional que tiene ante su consideración.

Tal y como se indicó en la Sección I de esta *Sentencia*, la señora Rentas objeta la *Sentencia* que el TPI emitió el 13 de diciembre de 2022 y notificó el 14 de diciembre de 2022.

Ante la insatisfacción con la determinación adversa del TPI, correspondía que la señora Rentas acudiera mediante una apelación ante este Tribunal, dentro del término de 30 días que impone el ordenamiento jurídico. Véase, Regla 13 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13 (A).

Esto es, a partir del 14 de diciembre de 2022, la señora Rentas tenía un término de 30 días para presentar su *Apelación* ante este Tribunal, que vencía el 13 de

---

[7] *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

<u>enero de 2023</u>. La señora Rentas presentó su *Apelación* el <u>17 de enero de 2023</u>. Por ende, cuando la señora Rentas presentó su *Apelación* habían transcurrido <u>cuatro días</u> desde que expiró el término para su presentación.

Por lo tanto, este Tribunal no tiene jurisdicción sobre un recurso tardío. En ausencia de jurisdicción, este Tribunal está obligado a desestimar el recurso.

**IV.**

Por los fundamentos expuestos, se desestima por falta de jurisdicción.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones