Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JUAN FRANCISCO MAURY MONT**<br><br>Apelante<br><br>v.<br><br>**MARCOS MILCIADES BRITO DISLA**<br><br>Apelado | KLAN202300921 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.:<br>**SJ2021CV06940 (803)**<br><br>Sobre:<br>**Cobro de Dinero** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio.

Pérez Ocasio, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos, Juan Francisco Maury Mont, en adelante, Maury Mont o apelante, solicitando que revisemos la *"Sentencia"* emitida el 13 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante TPI-San Juan. En la referida *"Sentencia"*, el TPI-San Juan desestimó con perjuicio la demanda incoada por el apelante,[1] por cobro de dinero, contra Marcos Milciades Brito Disla, en adelante, Brito Disla o apelado.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso por falta de jurisdicción, por prematuro.*

### I.

Según lo expuesto en el recurso ante nos, Muary Mont presentó una demanda en cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60. El apelante alega que el 24 de enero de 2022, el pleito fue convertido al proceso ordinario.

---

[1] Caso Núm. SJ2021CV06940

Posterior a unos presuntos incidentes procesales, Maury Mont solicitó al TPI-San Juan que dictara una sentencia sumaria. Finalmente, y posterior a otros alegados incidentes procesales, el TPI-San Juan dictó la sentencia apelada. En la misma, el Foro Primario indicó que desestimaba la demanda con perjuicio por falta de interés del demandante, luego de que este no compareciera a la vista evidenciaria señalada para el 13 de septiembre de 2023.

Así las cosas, Maury Mont presentó una *"Moción Solicitando Reconsideración de Sentencia, Regla 47., Reglas de Procedimiento Civil, 2009"*, el *29 de septiembre de 2023*. En su moción, el apelante indica que recibió la invitación, y posterior cancelación, de la videoconferencia para la vista, mediante la plataforma Zoom. Alegó que la cancelación de la invitación le hizo creer que la vista evidenciaria del 13 de septiembre de 2023 no se celebraría. Arguye, también, que el tracto procesal del caso, compuesto de ochenta y cinco (85) entradas de Maury Mont a la plataforma SUMAC, indica lo contrario a lo expresado por el TPI-San Juan mediante la sentencia apelada, con relación a su interés en el pleito.

Previo a la resolución de la moción solicitando la reconsideración de la sentencia en cuestión, el apelante compareció ante esta Curia mediante una *"Apelación Civil"*, el 16 de octubre de 2023. Junto con su recurso, el apelante presentó una *"Moción sobre Apéndice Voluminoso"*. Es decir, el recurso solo contaba con el escrito de apelación, y no con la documentación pertinente al caso.

Por no contar con el apéndice del recurso, y encontrarnos ciegos ante el tracto procesal del caso, el 18 de octubre de 2023, este Foro emitió una *"Resolución"* en la que dispuso que, *para determinar si el Tribunal de Apelaciones puede asumir jurisdicción sobre el caso, el apelante tendría un término de cinco (5) días para proveer la sentencia apelada, la moción de reconsideración y **la resolución resolviendo la reconsideración.***

Ahora bien, el 20 de octubre de 2023, el apelante presentó ante nos una *"Moción en Cumplimiento de Resolución",* junto con la cual sometió la sentencia apelada y la moción de reconsideración. Sin embargo, *no presentó la resolución del Foro Primario resolviendo la moción de reconsideración ante sí.* En su moción en cumplimiento, el apelante indica que por estar cerca el término para apelar sin que el TPI-San Juan resolviera la moción de reconsideración, y para evitar el riesgo de quedarse sin remedio apelativo, radicó la apelación ante nos, en lo que entendía ser el "último día hábil" para hacerlo.

Contestada la *"Resolución"* emitida por este Tribunal, procedemos a atender el recurso.

## II.

### A. Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al,* 2023 TSPR 26, 211 DPR ___ (2023); *MCS Advantage, Inc. v. Fossas Blanco y otros,* 2023 TSPR 8, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina,* 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la

nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o *por el tribunal motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra, pág. 386.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves,* supra, pág. 273; *FCPR v. ELA et al,* supra.

Una de las instancias en las que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso *prematuro*, puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Sobre este particular, nuestro más Alto Foro ha expresado que:

> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. **En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración**.
>
> *Yumac Home v. Empresas Masso*, 194 DPR 96, 107 (2015). [Énfasis nuestro]

En adición, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B)     Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1)     que el Tribunal de Apelaciones carece de jurisdicción;
>
> [...]
>
> (C)     El Tribunal de Apelaciones, ***a iniciativa propia***, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
>
> [Énfasis suplido].

### B. Reconsideración

Es harto conocido que los foros judiciales tienen la facultad de reexaminar o reconsiderar sus dictámenes, siempre que ostenten la jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 2023 TSPR 107, 212 DPR ___ (2023); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 422-423 (2022); *Pueblo v. Silva Colón,* 184 DPR 759, 778 (2012).

La Regla 47 de Procedimiento Civil, supra, 32 L.P.R.A. Ap. V, R. 47, es la disposición estatutaria que regula esta función judicial. Con relación a las solicitudes de reconsideración, la precitada regla dispone lo siguiente:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> [...]
>
> Una vez presentada la moción de reconsideración ***quedarán interrumpidos los términos para recurrir en alzada***

***para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.***

*Id.* [Énfasis suplido].

Los procesos de revisión ante los Tribunales deben seguir el orden establecido por las Reglas de Procedimiento Civil, supra. La parte afectada en una sentencia puede apelarla ante el Tribunal de Apelaciones, como también puede presentar ante el foro originario una reconsideración.

La regla en cuestión dispone que, una vez presentada la reconsideración ante el Tribunal de Primera Instancia, los demás términos para recurrir quedan interrumpidos. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Los términos para recurrir a un foro superior, en estos casos, comienzan a cursar cuando el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución en la que resuelva la reconsideración. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Colón Burgos v. Marrero Rodríguez,* supra, pág. 338.

Es por esto que, cuando una parte recurre ante el Tribunal de Apelaciones, sin que se haya resuelto una moción de reconsideración pendiente ante el Tribunal de Primera Instancia, presenta un recurso apelativo que adolece del defecto insubsanable de falta de jurisdicción. *S.L.G. Szendrey Ramos v. F. Castillo*, 169, DPR 873, 883 (2007); *Pueblo v. Santana Rodríguez,* 148 DPR 400, 403 (1999).

**III.**

El recurso apelativo ante esta Curia no incluyó un apéndice del tracto procesal. Es por eso que, de entrada, solicitamos los tres

(3) documentos que nos permitirían evaluar si contamos con jurisdicción para atenderlo.

El apelante solo proveyó la sentencia apelada y la moción de reconsideración que presentó en el TPI-San Juan. Sin embargo, no pudo proveer la resolución del Foro Primario resolviendo la reconsideración, *ya que este no ha atendido el mismo.*

Conforme a las Reglas de Procedimiento Civil, supra, este Tribunal carece de autoridad judicial para adjudicar la apelación en el caso de marras, ya que el foro con jurisdicción continúa siendo el TPI-San Juan. Hasta tanto el Foro Primario no atienda la moción de reconsideración presentada ante sí por el apelante, nos vemos imposibilitados de asumir jurisdicción.

IV.

Por los fundamentos que anteceden, *se desestima el recurso por falta de jurisdicción, por prematuro.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones