ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-5

| | | |
|---|---|---|
| **JL SENTINEL GROUP y OTROS**<br><br>Apelantes<br><br>v.<br><br>**TOMMY HABIBE ARRIAS y OTROS**<br><br>Apelados | TA2025AP00529 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2023CV02216**<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparece JL Sentinel Group, LLC y Sentinel Group, LLC (parte apelante) mediante una *Apelación* en la que nos solicitan que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 2 de octubre de 2025.[1] Mediante dicho dictamen, el foro primario declaró Ha Lugar la *Reconvención* presentada por el señor Tommy Rudy Habibe Arrias (Sr. Habibe Arrias o apelado),[2] y, consecuentemente, condenó a la parte apelante al pago de una suma de $58,000.00; más una cantidad de $11,000.00 por las costas y los gastos incurridos para la presentación de la causa de epígrafe; al igual que los intereses legales que la suma indicada generara hasta su saldo.

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 103. Notificada y archivada en autos el 2 de octubre de 2025.
[2] *Íd.*, Entrada Núm. 8.

# I.

El caso de marras tiene su génesis el 10 de marzo de 2023 cuando la parte apelante y el señor Jorge Luis Andújar Rivera (Sr. Andújar Rivera) radicaron una *Demanda* en contra del Sr. Habibe Arrias en concepto de cobro de dinero.[3] Adujeron que, el 21 de diciembre de 2021, el Sr. Habibe Arrias contrató los servicios profesionales de ambos para representarlo ante el Departamento de Hacienda del Estado Libre Asociado. Lo anterior, con el propósito de negociar el ajuste y la reducción de una sentencia en cobro de dinero por contribuciones al erario. A pesar de que alegadamente el Sr. Andújar Rivera, en su capacidad personal y como administrador de la parte apelante, obtuvo un resultado satisfactorio para el Sr. Habibe Arrias, suplicó del foro primario condenar al Sr. Habibe Arrias al pago de una suma de $213,250.00 en concepto de deuda vencida, líquida y exigible por los servicios brindados, más el pago de los intereses, las costas y los honorarios de abogado.

Por su parte, el Sr. Habibe Arrias presentó una *Contestación a Demanda* y *Reconvención* el 6 de junio de 2023.[4] En su contestación, negó haber contratado los servicios del Sr. Andújar Rivera. De igual modo, expuso que la cantidad total reclamada por la parte apelante y el Sr. Andújar Rivera no coincidía con el cargo por hora indicado por la parte apelante. Por último, el Sr. Habibe Arrias presentó sus defensas afirmativas.

Según la *Reconvención*, el Sr. Andújar Rivera reiteró haber estipulado un contrato de servicios solamente con la parte apelante. Arguyó que, según los términos de este, las partes podían resolver el contrato si la parte apelante proveía evidencia del cómputo del tiempo invertido más los gastos incurridos por esta. Ante la supuesta falta de evidencia que demostrara el ajuste, la reducción

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 8.

de la sentencia de cobro de dinero y los gastos incurridos por la parte apelante, el Sr. Habibe Arrias notificó a la parte apelante la resolución del contrato por escrito. Además, mediante la *Reconvención*, solicitó la devolución de todas las sumas de dinero entregadas a la parte apelante como parte de la negociación totalizando a una suma de $63,000.00; y el pago de una cantidad no menor a $400,000.00 en concepto de daños y perjuicios, más una suma razonable por las costas, los gastos y los honorarios de abogado.

Luego de múltiples trámites procesales,[5] y ante el incumplimiento de la parte apelante con las órdenes del tribunal, el 18 de junio de 2025, el TPI le anotó rebeldía a dicha parte en cuanto a la *Reconvención* radicada por el Sr. Habibe Arrias y ordenó el archivo de la *Demanda* del caso de epígrafe.[6]

Posteriormente, la parte apelante presentó una *Urgente Moción Solicitando Paralización de los Procedimientos* el 9 de septiembre de 2025, luego de la radicación de la petición de quiebra por parte del Sr. Andújar Rivera ante la Corte de Quiebra de los Estados Unidos para el Distrito de Puerto Rico.[7]

Así, el 15 de septiembre de 2025, el foro primario ordenó la paralización de los procesos en cuanto al Sr. Andújar Rivera y el archivo de la causa de acción radicada en contra de éste.[8]

Después de celebrar la vista en rebeldía,[9] el foro primario emitió una *Sentencia* final el 2 de octubre de 2025 en la que declaró

---

[5] *Íd.*, Entradas Núms. 47, 55, 71 y 72. Por medio de la *Sentencia* del 28 de junio de 2024, modificamos una *Sentencia parcial nunc pro tunc* emitida por el foro primario el 3 de enero de 2024, enmendada el 28 de febrero de 2024, y notificada y archivada en autos al siguiente día, a los efectos de eliminar el carácter *nunc pro tunc*. Además, dejamos sin efecto la *Resolución* del 15 de marzo de 2024, mediante la que el foro *a quo* denegó de plano la moción de reconsideración de la parte apelante.

[6] *Íd.*, Entrada Núm. 85. Notificada y archivada en autos el 23 de junio de 2025.

[7] *Íd.*, Entrada Núm. 97.

[8] *Íd.*, Entrada Núm. 101. Notificada y archivada en autos el 16 de septiembre de 2025.

[9] *Íd.*, Entrada Núm. 102; véase además, *Íd.*, Entradas Núms. 85, 100 y 101.

Ha Lugar la *Reconvención* presentada por el Sr. Habibe Arrias.[10] En su consecuencia, condenó a la parte apelante a satisfacerle al Sr. Habibe Arrias una suma de $58,000.00; una cantidad de $11,000.00 por las costas y los gastos incurridos para la presentación de la reclamación del pleito de epígrafe; y los intereses legales que la suma indicada generara hasta su saldo.

Insatisfecha, la parte apelante presentó una *Moción de Reconsideración de Sentencia (Entrada Núm. 103)* el 4 de octubre de 2025,[11] a la que se opuso el Sr. Habibe Arrias el 7 de octubre de 2025.[12]

Luego de evaluar ambos escritos, el 8 de octubre de 2025, el foro *a quo* declaró No Ha Lugar la petición de reconsideración radicada por la parte apelante.[13]

Inconforme, la parte apelante presentó una *Apelación* ante nos el 8 de noviembre de 2025 y expuso el siguiente señalamiento de error:

> **ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL REVERTIR SU SENTENCIA PARCIAL MEDIANTE LA CUAL PARALIZÓ EL CASO DE EPÍGRAFE, DADA LA SOLICITUD VIGENTE DE LA PARTE APELANTE DE QUIEBRA Y LUEGO DICTÓ ORDEN PARA CAMBIAR UNA VISTA EN ESTE CASO Y, PEOR AUN, UNA SENTENCIA CONDENANDO A LA PARTE APELANTE A SATISFACER UNOS PAGOS A LA PARTE APELADA, PESE A LA VIGENCIA DE LA PETICIÓN DE QUIEBRA DE LA PARTE APELANTE QUE INCLUYE A LOS DOS CODEMANDANTES DE ESTE CASO.**

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de

---

[10] *Íd.*, Entrada Núm. 103. Notificada y archivada en autos el 2 de octubre de 2025.
[11] *Íd.*, Entrada Núm. 104.
[12] *Íd.*, Entrada Núm. 105.
[13] *Íd.*, Entrada Núm. 106. Notificada y archivada en autos el 8 de octubre de 2025; véase además, *Íd.*, Entrada Núm. 107.

Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**II.**

**A.**

Nuestro sistema jurídico define la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que poseen los tribunales para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, consiguientemente, deben atender con preferencia los asuntos concernientes a esta. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

De igual modo, los tribunales no pueden atender recursos tardíos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). En el ámbito procesal, un recurso es tardío cuando se presenta fuera del término provisto para recurrir. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022). La desestimación del mismo priva fatalmente a la parte que lo presenta de radicarlo nuevamente ante cualquier otro foro. *Pueblo v. Ríos Nieves, supra*, pág. 274. Igualmente, nuestro máximo foro ha reiterado que un recurso tardío "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. Lo

anterior, pues al momento de la presentación, no existe la autoridad judicial para acogerlo. De hecho, la ausencia de jurisdicción conlleva varias consecuencias; a saber, "que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso[;] y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Allied Management Group, Inc. v. Oriental Bank*, *supra*, pág. 386. Por lo tanto, "[u]na vez un tribunal determina que no tiene jurisdicción para atender el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme a lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendry Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Por tal razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, permite que el Tribunal de Apelaciones desestime *motu proprio* un recurso de apelación por falta de jurisdicción.

Con respecto al procedimiento de formalizar un recurso de apelación ante esta Curia, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a), y la Regla 13(A) del Reglamento del Tribunal de Apelaciones, *supra*, R. 13(A), establecen un término jurisdiccional de treinta (30) días contados a partir del archivo en autos de la copia de la notificación de sentencia dictada por el tribunal apelado. Es harto conocido que el incumplimiento con un "término jurisdiccional impide la revisión judicial por privar de jurisdicción a los tribunales". *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 169 (2016).

Ahora bien, este término se interrumpe, entre otras razones, con la presentación de una solicitud de reconsideración, al amparo de la Regla 47 de Procedimiento Civil, *supra*, R. 47. Véase además, Regla 52.2(e)(2) de Procedimiento Civil, *supra*, R. 52.2(e)(2). Por medio de la Regla 47 de Procedimiento Civil, *supra*, la parte adversamente afectada por una sentencia emitida por el foro primario tiene un término de cumplimiento jurisdiccional de quince (15) días, contados a partir de la fecha de notificación de la sentencia, para radicar la solicitud de reconsideración ante el TPI. En esa moción se deben exponer con suficiente particularidad y especificidad los hechos y el derecho, y "fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales". Regla 47 de Procedimiento Civil, *supra*; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Una vez presentada la moción de reconsideración con las especificidades de dicha regla, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Regla 47 de Procedimiento Civil, *supra*. Estos términos comenzarán a correr nuevamente desde la fecha del archivo en autos de la copia de la notificación resolviendo la petición de reconsideración. Regla 47 de Procedimiento Civil, *supra*; *Marrero Rodríguez v. Colón Burgos*, *supra*, pág. 338.

**III.**

Como asunto de umbral, previo a ejercer nuestra función revisora que se nos delegó, debemos auscultar nuestra jurisdicción. Luego de evaluar el expediente del caso de marras, carecemos de la misma. Conforme a la normativa antedicha, la parte apelante tenía un término jurisdiccional e <u>improrrogable</u> de treinta (30) días, contados a partir del archivo en autos de la copia de la notificación de sentencia, para presentar el recurso de apelación. Si bien este término fue interrumpido por la radicación de la solicitud de

reconsideración de la parte apelante, el mismo comenzó a decursar nuevamente desde la fecha del archivo en autos de la copia de la notificación de la *Orden* resolviendo la petición de reconsideración; es decir, a partir del 8 de octubre de 2025.[14] Como puede apreciarse, al instar la *Apelación* el 8 de noviembre de 2025, el mismo es tardío. Por lo tanto, carecemos de jurisdicción para considerar en sus méritos el error señalado por la parte apelante, y, en su consecuencia, procede la desestimación inmediata del recurso apelativo. *S.L.G. Szendry Ramos v. F. Castillo, supra,* pág. 883.

**IV.**

Por las razones discutidas anteriormente, desestimamos el recurso de epígrafe por falta de jurisdicción, ante la presentación tardía de la *Apelación.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] *Íd.,* Entrada Núm. 106. Notificada y archivada en autos el 8 de octubre de 2025.