ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**MIGUEL MOLINA ESTEVES**<br><br>Peticionario | TA2025RE00011 | **HABEAS CORPUS** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**K MI2025-0222**<br>**K BD2012G0554 al 0561** |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

Comparece ante nos el señor Miguel Ricardo Molina Esteves (Sr. Molina Esteves o peticionario) y solicita que revoquemos una *Resolución* del 30 de julio de 2025,[1] así como una *Minuta* emitida el 30 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[2] Por medio de estas determinaciones, el foro primario denegó la *Petición de Habeas Corpus* presentada por el Sr. Molina Esteves.[3] Asimismo, en atención a la *Moción de Reconsideración y Solicitud de Vista Argumentativa* radicada por el Sr. Molina Esteves,[4] y tras la celebración de dicha vista,[5] el TPI

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones, Entrada Núm. 1, Anejo 2.

[2] *Íd.*, Anejo 3, págs. 1-5. Notificada y archivada en autos el 27 de octubre de 2025, y transcrita el 17 de octubre de 2025. Por otro lado, al tratarse de una determinación interlocutoria, acogemos el recurso de epígrafe como un recurso de *certiorari*. Sin embargo, conservaremos el alfanumérico asignado para propósitos administrativos.

[3] *Íd.*, Anejo 1.

[4] *Íd.*, Anejo 3, págs. 8-11.

[5] *Íd.*, pág. 2.

reiteró la denegatoria de la petición de *habeas corpus*, dictamen recogido en la *Minuta* del 30 de septiembre de 2025.

Por los fundamentos que pormenorizamos a continuación, desestimamos el recurso de epígrafe por ser prematuro.

**I.**

El 11 de julio de 2012, el Ministerio Público presentó una (1) acusación contra el Sr. Molina Esteves por infringir el Artículo 216 del Código Penal, Ley Núm. 149 del 18 de junio de 2004, según enmendada, *"Código Penal del Estado Libre Asociado de Puerto Rico" de 2004*, 33 LPRA sec. 4844, sobre apropiación ilegal de identidad.[6]

Tras la aceptación de la *Alegación de Culpabilidad* por parte del Sr. Molina Esteves y la celebración de la vista para el acto de dictar sentencia,[7] el foro primario emitió una *Sentencia* el 8 de febrero de 2013.[8] Mediante esta última, dicho foro condenó al Sr. Molina Esteves a un total de seis (6) años en probatoria y al pago de una pena especial por la suma de $300.00. Además, ordenó la suspensión de dicha *Sentencia* quedando el Sr. Molina Esteves bajo la custodia legal del tribunal hasta la expiración del periodo máximo de su sentencia sujeto a unas condiciones generales y especiales.

Luego de varios trámites procesales, el foro primario emitió una *Orden de Arresto* el 18 de septiembre de 2014 contra el Sr. Molina Esteves.[9] Asimismo, dictó una *Resolución Enmendada* el 25 de marzo de 2025 donde expresó desconocer el paradero del Sr. Molina Esteves, violando las condiciones generales y especiales de la sentencia suspendida.[10] Consecuentemente, revocó su libertad probatoria y ordenó la reclusión inmediata del Sr. Molina Esteves para cumplir seis (6) años de cárcel, consecutivos con cualquier otra pena que estuviese cumpliendo.

---

[6] *Íd.*, pág. 49.
[7] *Íd.*, págs. 46-48.
[8] *Íd.*, págs. 43-45. Notificada y archivada en autos el 11 de febrero de 2013.
[9] *Íd.*, págs. 33-34; véase además, *Íd.*, págs. 31-32; *Íd.*, págs. 37-40.
[10] *Íd.*, págs. 29-30. Enmendada el 31 de mayo de 2022.

Por otro lado, la corte federal para el Distrito de Pensilvania dictó una sentencia el 6 de octubre de 2022 en la que el Sr. Molina Esteves se declaró culpable de un (1) cargo por conspiración para poseer con la intención de distribuir 5 kilogramos y más de clorhidrato de cocaína y heroína.[11] Así, el foro federal lo condenó a setenta y cinco (75) meses de reclusión, <u>consecutivos</u> al cargo pendiente en el TPI en San Juan, Puerto Rico.

Inconforme, el Sr. Molina Esteves, ya recluido en la Institución de Ingreso y Clasificación 705 de Bayamón, Puerto Rico, presentó una *Petición de Habeas Corpus* ante el foro primario el 29 de julio de 2025.[12]

A pesar de lo anterior, el TPI declaró No Ha Lugar la petición de *habeas corpus* el 30 de julio de 2025.[13]

Insatisfecho, el Sr. Molina Esteves presentó una *Moción de Reconsideración y Solicitud de Vista Argumentativa* el 4 de agosto de 2025.[14]

Tras la celebración de dicha vista, el foro *a quo* reiteró la denegatoria de la petición de *habeas corpus*, dictamen recogido en la *Minuta* emitida el 30 de septiembre de 2025.[15]

Inconforme aun, el Sr. Molina Esteves compareció ante nos el 12 de noviembre de 2025 y formuló los siguientes señalamientos de error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL CASO DE AUTOS ERA DISTINGUIBLE DEL PRECEDENTE *PUEBLO V. VÉLEZ TORRES*, 212 DPR 175 (2023), BASÁNDOSE EXCLUSIVAMENTE EN LA CONSECUTIVIDAD DE LA SENTENCIA FEDERAL.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER QUE EL ESTADO LIBRE ASOCIADO DE PUERTO RICO RENUNCIÓ TÁCITAMENTE A SU**

---

[11] *Íd.*, págs. 21-28.
[12] *Íd.*, Anejo 1.
[13] *Íd.*, Anejo 2; véase además, *Íd.*, Anejo 3, págs. 6-7.
[14] *Íd.*, Anejo 3, págs. 8-11.
[15] *Íd.*, págs. 1-5. Notificada y archivada en autos el 27 de octubre de 2025, y transcrita el 17 de octubre de 2025.

**JURISDICCIÓN PRIMARIA AL NO RECLAMAR LA CUSTODIA DEL PETICIONARIO PESE A HABER SIDO NOTIFICADO FORMALMENTE DE SU LOCALIZACIÓN EN CUSTODIA FEDERAL.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL VALIDAR LA EJECUCIÓN DE UNA SENTENCIA ESTATAL YA SATISFECHA, EN VIOLACIÓN A LA DOCTRINA DE PRIMACÍA JURISDICCIONAL, AL DEBIDO PROCESO DE LEY Y A LOS PRINCIPIOS DE *COMITY* INTERJURISDICCIONAL.**

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

## A.

Nuestro sistema jurídico define la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que poseen los tribunales para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, consecuentemente, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

En esa misma línea, los tribunales no pueden atender recursos prematuros. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). En el ámbito procesal, un recurso es prematuro cuando es presentado ante la secretaría de un foro apelativo antes de tiempo en el que este adquiere jurisdicción. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. Nuestro máximo foro ha reiterado que un recurso prematuro "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. Asimismo, la ausencia de jurisdicción conlleva varias consecuencias; a saber, "que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso[;] y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386. Por lo tanto, "[u]na vez un tribunal determina que no tiene jurisdicción para atender el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme a lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendry Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Por tal razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, permite que el Tribunal de Apelaciones desestime *motu proprio* un recurso de apelación por falta de jurisdicción.

**B.**

Por otro lado, la Regla 32(B)(1) de las *Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre*

*Asociado de Puerto Rico de 1999* (Reglas para la Administración del TPI) dispone la norma imperante sobre las órdenes o resoluciones contenidas en minutas de los procedimientos judiciales del foro primario. *Pueblo v. Ríos Nieves, supra*, pág. 276. En particular, dicha regla expone lo siguiente:

> *B. Minutas*
>
> (1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> . . . .
>
> **La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.**
>
> . . . .
>
> Regla 32(B)(1) de las Reglas para la Administración del TPI, *supra* (Énfasis suplido).

En otras palabras, cuando la minuta incluya una orden o resolución, el juez que emitió dicho dictamen deberá firmarla. *Pueblo v. Ríos Nieves, supra*, pág. 276. Este requisito de forma es necesario para que imprima validez y certeza a la determinación recogida en la minuta. "Es decir, **para que la orden o resolución acogida en una minuta tenga legitimidad y eficacia, es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio**". *Pueblo v. Ríos Nieves, supra*, pág. 280 (Énfasis suplido en el original). Lo anterior se debe a que la facultad revisora de los foros apelativos se fundamenta en decisiones emitidas y suscritas por los jueces que dictaminan, y no respecto a la interpretación o apreciación de otros funcionarios del tribunal. De permitirse esto último, el tribunal estaría evaluando un documento- en particular, una minuta- sin la certeza de que el dictamen

recurrido fue dictado por el juez que atendió los procedimientos. *Pueblo v. Ríos Nieves*, *supra*, págs. 280-281. Por lo tanto, "la minuta que no esté certificada por el juez o la jueza que dictó la orden o resolución, **no puede contar con la deferencia y la presunción de corrección de los foros revisores"**. *Pueblo v. Ríos Nieves*, *supra*, pág. 281 (Énfasis suplido en el original).

### III.

En el caso de marras, el Sr. Molina Esteves recurrió ante nos de un dictamen dictado verbalmente en corte abierta, y recogido en la *Minuta* en cuestión, por el que el foro primario reiteró la denegatoria de la petición de *habeas corpus* radicada por el Sr. Molina Esteves. No obstante, esa *Minuta* no contiene la firma del juez que emitió el dictamen interlocutorio recurrido incidiendo sobre nuestra función revisora.[16] *Pueblo v. Ríos Nieves*, *supra*, págs. 280-281.

### IV.

Por las razones discutidas anteriormente, desestimamos el presente recurso por falta de jurisdicción para entender en el mismo, al ser uno prematuro. Tan pronto se notifique oportunamente a las partes la *Minuta* del 30 de septiembre de 2025 firmada, entonces comenzarán a decursar los términos correspondientes para solicitar revisión ante esta Curia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] *Íd.*, págs. 4.