<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I</td></tr>
<tr>
<td>EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>RICARDO GOYCOCHEA SANTIAGO<br><br>Peticionario</td>
<td>TA2026CE00235</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Crim. núm.: JIS2025G0025-0027, JFJ2025G0023; JLE2025G0418<br><br>Por: CP Art. 130.A grave (2012), CP Art. 283 grave (2012), CP Art. 133.A grave (2012), Ley 246 Art. 59 grave (2011) Re-Enumerado Ley 80-2018</td>
</tr>
</table>

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2026

En el caso penal de referencia, y según asevera la defensa del Sr. Ricardo Goycochea Santiago (el "Acusado"), el 20 de febrero de 2026, el Tribunal de Primera Instancia ("TPI") inició el correspondiente juicio, al "juramentar la prueba de cargo" y fijar la continuación del mismo para el 26 de febrero de 2026. Al haberse consignado por el Acusado que, a la fecha de la presentación del recurso, el TPI no había notificado por escrito la supuesta decisión tomada en corte abierta, estamos impedidos de revisar la misma.

El 24 de febrero de 2026, el Acusado presentó el recurso que nos ocupa, junto con una moción en auxilio de jurisdicción.[1] Asevera que, el 20 de febrero, el TPI juramentó la prueba de cargo, dando así inicio al juicio, y, además, "ordenó la expedición de [unas] órdenes solicitadas por la defensa", en torno a la producción de unos

---

[1] Esta moción fue denegada mediante una Resolución emitida ese mismo día.

"récords laborales" y la "realización de un peritaje médico que incide sobre prueba sustantiva". El Acusado arguye que, como consecuencia, tendría que "litigar mientras la prueba material aún se encuentra pendiente de producirse o evaluarse". Plantea que ello implica que perdería la oportunidad de prepararse adecuadamente. También señala que el término concedido para completar el peritaje es muy corto. Solicitó que se revocara la determinación del TPI de iniciar el juicio y que se ordenara la paralización de los procedimientos hasta que "se produzca la prueba correspondiente".

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003). Cuando un tribunal carece de jurisdicción o autoridad para entender en los méritos las controversias que le han sido planteadas, deberá así declararlo y desestimar el recurso. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994-995 (2012).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no

hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones.

Para que este Tribunal pueda revisar una "decisión" del TPI, la misma debe constar en un escrito que haya sido firmado por el (o la) juez(a). *Pueblo v. Ríos Nieves*, 209 DPR 264 (resolviendo que no es revisable una decisión que constaba en una minuta, dado que la misma no se había firmado por el juez o la jueza). Naturalmente, si una decisión escrita no es revisable únicamente porque no cuenta con la firma del (o la) juez(a), tampoco es revisable una "decisión" que ni siquiera consta por escrito a la fecha de la presentación del recurso. En cualquier caso, la etapa del caso no es la más propicia para considerar el asunto planteado, pues no se ha materializado el supuesto perjuicio a la defensa al que alude el Acusado.

Más aún, en este caso, el Acusado no acompañó el recurso de referencia con anejo alguno, lo cual también nos impediría evaluar el mismo adecuadamente. Adviértase que la norma es que un recurso de *certiorari* tiene que acompañarse con un apéndice, el cual, entre otras, debe contener las denuncias y acusaciones, el dictamen recurrido, y todo documento del expediente pertinente a los planteamientos del peticionario. Regla 34(E) del Reglamento del Tribunal de Apelaciones.

Por los fundamentos anteriormente expuestos, se desestima el recurso por ausencia de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones