| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL X | | |
| BANCO POPULAR DE PUERTO RICO<br><br>PARTE APELADA<br><br><br>V.<br><br><br>SUCN. DE JOSÉ ARNALDO GARCÍA RAMÍREZ Y OTROS<br><br>PARTE APELANTE | TA2025CE00538 | *Certiorari* acogido como Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2025CV00672<br><br><br>Sobre:<br>Cobro de dinero y ejecución de hipoteca |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparecen las partes co-demandadas, Vilmarie Lugo García, Gilberto Enrique Lugo García, Luis García Ramírez e Ismael F. Torres Martínez (en conjunto, los apelantes) mediante recurso de *Certiorari* presentado el 2 de octubre de 2025 y nos solicita que dejemos sin efecto la *Resolución y Sentencia Parcial Enmendada* emitida por el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario) el 2 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Solicitud de Desestimación* y *Solicitud de Reconsideración* de los apelantes.

Ahora bien, el recurso presentado por los apelantes es un recurso de *Apelación,* ya que estos recurren de una *Resolución y Sentencia Parcial Enmendada,* en virtud de la Regla 42 de Procedimiento Civil, 32 LPRA Ap. V.

Por los fundamentos que proceden a continuación, *desestimamos* el recurso de *Certiorari* por prematuro y devolvemos el caso al foro primario para la continuación de los procedimientos.

# I.

El 3 de marzo de 2025, el Banco Popular de Puerto Rico (Banco Popular o apelado) radicó una *Demanda* sobre ejecución de hipoteca inmueble por la vía ordinaria ante el foro primario.[1] El 14 de marzo de 2025, se expidieron los emplazamientos de los apelantes.[2] Luego de varios incidentes procesales, el 11 de abril de 2025, el Banco Popular radicó ante el TPI una *Moción Informativa sobre Diligenciamiento de Emplazamiento*.[3] En esa misma fecha, el foro primario emitió la siguiente orden: "Únase al expediente el emplazamiento de Ismael F. Torres Martínez diligenciado personalmente el 9 de abril de 2025".[4]

Así las cosas, el 23 de abril de 2025 los apelantes presentaron una solicitud de prórroga para contestar la demanda ante el TPI.[5] Esa prórroga fue declarada Ha Lugar por el foro primario.[6] El 23 de mayo de 2025, los apelantes presentaron *Moción de desestimación de la Demanda por no haberse emplazado al demandado Ismael F. Torres Martínez conforme a derecho*.[7] El 5 de junio de 2025, el Banco Popular presentó una Moción en Cumplimiento de Orden para oponerse a la solicitud de desestimación. Entre otras cosas, el Banco desistió en cuanto a los codemandados Luis Ángel García Ramírez, Ismael F. Torres Martínez y Norma García Martínez por entender que dichos demandados no tenían un interés propietario en la propiedad en controversia.[8] En esa misma fecha, notificada el 6 de junio de 2025, el TPI emitió una Sentencia Parcial mediante la cual deniega la solicitud de desestimación y ordena el archivo por desistimiento de la reclamación en contra de los codemandados Lusi

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #2 de SUMAC TPI.
[3] Entrada #14 de SUMAC TPI.
[4] Entrada #15 de SUMAC TPI.
[5] Entrada #16 de SUMAC TPI.
[6] Entrada #17 de SUMAC TPI.
[7] Entrada #23 de SUMAC TPI.
[8] Entrada #25 de SUMAC TPI.

Ángel García Ramírez, Norma García Martínez e Ismael Torres Martínez.

El 13 de junio de 2025, los apelantes radicaron ante el foro primario la correspondiente *Solicitud de Reconsideración de Sentencia Parcial y Reiterando Solicitud de Desestimación de la demanda por no haberse emplazado al demandado Ismael F. Torres Martínez conforme a Derecho* .[9] Por su parte, el 23 de junio de 2025, el apelado presentó su oposición.[10] Conforme a ello, el 24 de junio de 2025, el foro primario señaló una vista argumentativa para el 2 de septiembre de 2025, la cual se celebró según pautada.

Así las cosas, el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, el foro primario dictó una *Resolución y Sentencia Parcial Enmendada.*[11] En dicho dictamen, el TPI denegó la *Moción de Desestimación* y *Solicitud Reconsideración* presentada por los apelantes. Asimismo, enmendó la Sentencia Parcial previamente emitida para ordenar el desistimiento de la reclamación sin perjuicio únicamente contra los demandados Norma García Martínez e Ismael Torres Martínez.

No obstante, el 5 de septiembre de 2025, dos (2) días después de la notificación de la *Resolución y Sentencia Parcial Enmendad*a de la cual recurre los apelantes, el Banco Popular presentó ante el TPI una *Moción Aclaratoria y en Solicitud de Enmienda a Sentencia Parcial* fundamentada en que la codemandada, Norma García Martínez no podía estar fuera del pleito, toda vez que es parte indispensable.[12] El Banco solicitó que se dejara sin efecto la Sentencia Parcial dictada el 5 de junio de 2025 en cuanto a los hermanos del causante, Norma García Martínez y Luis Ángel García Ramírez, para que éstos continuaran en el pleito junto a los codemandados y sobrinos del causante, Gilberto Enrique Lugo

---

[9] Entrada #29 de SUMAC TPI.
[10] Entrada #31 de SUMAC TPI.
[11] Entrada #39 de SUMAC TPI.
[12] Entrada #41 de SUMAC TPI.

García y Vilmarie Lugo García. De igual forma, el Banco solicitó que sólo se mantuviera el desistimiento en cuanto al codemandado, Ismael Torres Martínez, quien no forma parte de la sucesión.

El 5 de septiembre de 2025, el foro primario emitió una Orden expresando que, según el análisis realizado, la codemandada Norma García Martínez no tenía una participación hereditaria sobre el inmueble objeto de la demanda.

Luego, el 10 de septiembre de 2025, el Banco presentó una *Solicitud de Reconsideración* en la cual solicitó nuevamente que se enmendara la *Resolución y Sentencia Parcial Enmendada* emitida el 2 de septiembre de 2025.[13] Posteriormente, el 1ro de octubre de 2025, el TPI notificó una *Orden,* en la cual convocó a una *Vista* para el 15 de octubre de 2025 con el propósito de atender los planteamientos esbozados en la *Solicitud de Reconsideración* presentada el 10 de septiembre de 2025 por el apelado.[14]

No obstante, el día después, los apelantes comparecen ante este foro apelativo por estar inconformes con el proceder del TPI en la *Resolución y Sentencia Parcial Enmendada.* En específico, estos acudieron a este Tribunal mediante recurso de *Certiorari,* que atenderemos como *Apelación,* al amparo de la Regla 42.3 de Procedimiento Civil*, supra.* Al respecto, estos señalan los siguientes errores:

> Erró el Tribunal a quo al negarse, sin justificación valida, a resolver la controversia de derecho que se le refirió en la solicitud de desestimación, sobre la realidad jurídica de que el emplazador Dionisio Cartagena omitió la entrega física del emplazamiento a la persona del señor Torres Martínez, por lo que, el TPI adolece de jurisdicción por ser el comunero Torres Martínez parte indispensable en el presente caso.

> El foro primario erró, al no proveer el remedio que procede conforme a derecho, el cual exige que se señale una vista evidenciaria, en la cual, el foro recurrido, examine si la voluntad de los convivientes Torres

---

[13] Entrada #48 de SUMAC TPI.
[14] Entrada #57 de SUMAC TPI.

Martínez y José García Ramírez (QEPD) fue, efectivamente, someterse a una comunidad de bienes.

El 7 de octubre de 2025, la parte apelante presentó ante el TPI una moción solicitando paralización de los procedimientos ante dicho foro por la radicación del recurso de apelación. Ante ello, el foro primario ordenó la paralización de los procedimientos y dejó sin efecto la vista del 15 de octubre de 2025.

De otro lado, el 14 de octubre de 2025, el Banco Popular presentó *Solicitud de Desestimación a la Apelación.* En síntesis, este sostiene a *Resolución y Sentencia Parcial Enmendada* emitida el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, no es final, firme y apelable. De modo que, el recurso presentado por los apelantes ante este Tribunal es prematuro, ya que se encuentra pendiente de resolución por el TPI la *Solicitud de Reconsideración* presentada por el apelado el 10 de septiembre de 2025.

El 16 de octubre de 2025 emitimos una *Resolución* concediéndole hasta el 22 de octubre de 2025 a la parte apelante para exponer posición sobre la solicitud de desestimación.

El 22 de octubre de 2025 la parte apelante presentó *Moción en cumplimiento de resolución del 16 de octubre de 2025 y en oposición a la solicitud de desestimación.* Con el beneficio de los escritos de las partes, procedemos a resolver.

**II.**

**A. Jurisdicción**

Es sabido, que la jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc.*

*v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra*, pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, *supra,* pág. 268. Nuestro máximo foro local ha sido enfático en que la ausencia de jurisdicción es un defecto insubsanable. *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

Asimismo, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), dispone que una parte podrá solicitar en cualquier momento la desestimación de un recurso cuando el Tribunal de Apelaciones carece de jurisdicción.

Por otra parte, en nuestro ordenamiento procesal, el recurso prematuro o tardío, adolece del grave e insubsanable defecto de falta de jurisdicción. *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153 (1999). Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación el foro apelativo adolece de autoridad judicial para acogerlo. *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 367 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000); *Pueblo v. Santana Rodríguez,* 148 DPR 400, 402 (1999).

Ahora bien, el desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo una vez más ante ese mismo foro o ante cualquier otro. Por el contrario, la desestimación de un recurso por prematuro, no le impide a la parte el volver a presentarlo. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *Rodríguez v. Zegarra, supra,* pág. 654 (2000).

### B. Moción de Reconsideración

En lo pertinente a la controversia que nos ocupa, la Regla 47 de Procedimiento Civil, *supra,* dispone que la parte adversamente afectada por una sentencia emitida por el foro primario podrá presentar una moción de reconsideración. No obstante, este debe presentarlo dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia. Siendo ello así, la moción de reconsideración presentada oportunamente interrumpirá para todas las partes los términos para recurrir ante el Tribunal de Apelaciones. Estos términos comenzarán a correr nuevamente desde la notificación de la resolución del foro primario resolviendo así la moción de reconsideración.

Igualmente, la Regla 52.2(e) de Procedimiento Civil, *supra,* establece que el transcurso del término que tienen las partes para apelar se interrumpirá por la oportuna presentación de una moción de reconsideración, el cual comenzará a contar nuevamente desde la notificación de la resolución resolviendo la reconsideración.

### III.

El apelante alega que erró el TPI al declarar "No Ha Lugar" de la *Solicitud de Desestimación* y *Reconsideración* presentada por los apelantes. Según alegaron, el emplazador omitió la entrega física del emplazamiento al señor Torres Martínez, por lo que el TPI adolece de jurisdicción al ser este una parte indispensable en el caso.

Según el expediente ante nos, los apelantes recurren de la *Resolución y Sentencia Parcial Enmendada* emitida el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, la cual no es final, firme y apelable. Esto, dado a que todavía se encuentra ante la consideración del TPI la *Solicitud de Reconsideración* presentada por el Banco Popular el 10 de septiembre de 2025, la cual fue acogida y se señaló vista para la discusión de esta. Discrepamos de la postura de la parte apelante de que este tribunal tiene jurisdicción, toda vez que la referida moción constituía una segunda solicitud de reconsideración, la cual no está permitida en nuestro ordenamiento jurídico. Es sabido, que la moción de reconsideración interrumpirá para todas las partes los términos para recurrir ante este foro apelativo.

Por lo tanto, el recurso presentado por los apelantes es prematuro, lo cual priva de jurisdicción y autoridad a este Tribunal para atenderlo. Ahora bien, según explicamos la desestimación de un recurso prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro primario resuelva la solicitud de reconsideración que está pendiente ante su consideración. *Yumac Home v. Empresas Massó, supra*, pág. 107.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso del epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Grana Martínez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| BANCO POPULAR DE PUERTO RICO<br><br>PARTE APELADA<br><br>v.<br><br>SUCN. DE JOSÉ ARNALDO GARCÍA RAMÍREZ Y OTROS<br><br>PARTE APELANTE | TA2025CE00538 | *Certiorari*<br>como Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2025CV00672<br><br>Sobre:<br>Cobro de dinero y ejecución de hipoteca |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez.

### VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

Las particularidades procesales del recurso ante nuestra consideración me obligan a disentir de la opinión mayoritaria. A mi entender, resulta claro que la parte apelante recurre de un dictamen que resolvió finalmente la controversia referente a la condición de Ismael F. Torres Martínez como parte indispensable, lo que lo hace susceptible de revisión por este Tribunal. El análisis detenido de varios asuntos de carácter procesal es imprescindible para comprender adecuadamente la causa de epígrafe. Veamos.

El 3 de marzo de 2025, el Banco Popular de Puerto Rico presentó una *Demanda* de cobro de dinero y ejecución de hipoteca en contra de la Sucesión del Sr. José Arnaldo García Ramírez, compuesta por Luis Ángel García Ramírez, Norma García Martínez, Gilberto Enrique Lugo García, Vilmarie Lugo García, Ismael F. Torres Martínez y otros integrantes desconocidos de la aludida Sucesión. Posteriormente, el 23 de abril de 2025 los apelantes presentaron una *Moción en Solicitud de Desestimación de la Demanda por no haberse emplazado al Demandado Ismael F. Torres Martínez conforme a Derecho*. En síntesis, alegaron que el

emplazador omitió la entrega física del emplazamiento, lo que conlleva su nulidad. Así pues, anejaron a dicha moción una declaración jurada suscrita por Ismael F. Torres Martínez donde explicó que el emplazador nunca ha estado en su presencia. El 5 de junio de 2025, el Banco Popular de Puerto Rico presentó una *Moción en Cumplimiento de Orden* mediante la cual desistió de la demanda respecto de aquellos herederos que entendía no constituían partes indispensables, esto es, Luis Ángel García Ramírez, Norma García Martínez, ambos hermanos del causante, e Ismael F. Torres Martínez –quien convivía con el fenecido–.

En virtud de ello, ese mismo día el Tribunal de Primera Instancia emitió una *Sentencia Parcial* en la que declaró *No ha Lugar* la solicitud de desestimación presentada por la parte apelante y decretó el desistimiento del pleito en cuanto a Luis Ángel García Ramírez, Norma García Martínez e Ismael F. Torres Martínez.

El 13 de junio de 2025, la parte apelante presentó una *Solicitud de Reconsideración de Sentencia Parcial y Reiterando Solicitud de Desestimación de la Demanda por no Haberse Emplazado al Demandado Ismael F. Torres Martínez Conforme a Derecho*. En reacción, el 23 de junio de 2025 la parte apelada presentó su oposición. Entre otros asuntos, solicitó que se deje sin efecto la *Sentencia Parcial* dictada el 5 de junio de 2025 únicamente en cuanto a los hermanos del causante, a saber, Luis Ángel García Ramírez y Norma García Martínez. Además, solicitó que se mantenga el desistimiento de la demanda sin perjuicio en cuanto a Ismael F. Torres Martínez por no cualificar como heredero bajo las normas de la sucesión intestada.

Consiguientemente, el 24 de junio de 2025 el foro primario señaló una vista argumentativa para el 2 de septiembre de 2025, la cual se celebró según establecido. En particular, el foro recurrido expresó que Ismael F. Torres Martínez debía presentar una

intervención y explicar por qué debe considerarse parte indispensable en este pleito. En cambio, la representación legal de Ismael F. Torres Martínez agregó que utilizó el mecanismo que le reconoce nuestro ordenamiento, y reiteró sus planteamientos en la moción de desestimación y reconsideración.

Así pues, el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, el Tribunal de Primera Instancia dictó una *Resolución y Sentencia Parcial Enmendada*. En dicho dictamen, mediante *Resolución* el foro primario declaró *No Ha Lugar* la solicitud de reconsideración presentada el 13 de junio de 2025 por la parte apelante. Al mismo tiempo, a través de la *Sentencia Parcial Enmendada* declaró *No Ha Lugar* la solicitud de desestimación instada el 23 de mayo de 2025 por la parte apelante y decretó *Ha Lugar* la *Moción en Cumplimiento de Orden* presentada por la parte apelada. De manera que, el foro primario dejó sin efecto el desistimiento de la demanda en cuanto a Luis Ángel García Ramírez y sostuvo el desistimiento sin perjuicio de ésta en contra de Norma García Martínez e Ismael F. Torres Martínez.

Con lo anterior, queda descrito el devenir procesal que faculta a la parte apelante para presentar el recurso de apelación que nos ocupa. Sin embargo, para efectos de argumentación, me referiré a lo relevante de la última moción de reconsideración presentada por la parte apelada, motivo por el cual mis colegas de Panel consideran que no tenemos jurisdicción para atender el mismo.

El 5 de septiembre de 2025 la parte apelada presentó una *Moción Aclaratoria y en Solicitud de enmienda a Sentencia Parcial*. En síntesis, solicitó que se mantenga a Norma García Martínez como parte codemandada en este caso por ser hermana y sucesora del causante. En igual fecha, el foro primario emitió una *Orden* mediante la cual reiteró que Norma García Martínez no tiene

participación o interés hereditario sobre el bien inmueble de la demanda.

El 10 de septiembre de 2025 la parte apelada presentó una *Solicitud de Reconsideración* donde enfatizó que Norma García Martínez es parte indispensable junto con sus hermanos y sobrinos. El 29 de septiembre de 2025 la parte apelante presentó una *Moción en Cumplimiento de Orden del 10 de septiembre de 2025* mediante la cual se limitó a plantear que el Banco Popular de Puerto Rico no instó su reconsideración dentro del término jurisdiccional provisto en nuestro ordenamiento.

Como se sabe, la Regla 42.3 de Procedimiento Civil dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia. Cuando se haga la referida conclusión y orden expresa, **la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2**. 32 LPRA Ap. V., R. 42.3. (Énfasis suplido).

Conforme a lo anterior, un tribunal posee —dentro de un pleito que incluye múltiples reclamaciones o varias partes— la facultad para emitir una sentencia final sin disponer de —o adjudicar— la totalidad del caso. Para ello, es menester que el tribunal expresamente: (1) concluya que no existe razón para postergar que se dicte sentencia sobre la reclamación o la parte, y (2) ordene expresamente el registro de la sentencia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2023); *Rosario et al. v. Hosp. Gen. Menonita, Inc.*, 155 DPR 49, 57 (2001). Por el contrario, del

tribunal no cumplir ambos requisitos, la sentencia dictada por no ser final no es apelable, sino que es una resolución que sólo puede ser revisada mediante un recurso de *certiorari. Íd; García v. Padró*, 165 DPR 324, 334 (2005). Por otro lado, "cuando se trate de una determinación que está pendiente ante la consideración del Tribunal de Primera Instancia, y que aún no ha sido finalmente resuelta, la cuestión recurrida *no estará madura* para ser considerada por el foro apelativo intermedio". *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97. Es decir, el recurso será prematuro.

Acogido este recurso como una Apelación, corresponde evaluar la *Sentencia Parcial Enmendada* dictada el 2 de septiembre de 2025, notificada al día siguiente y no la *Resolución* que forma parte del mismo pronunciamiento judicial. Tal como señalé previamente, mediante ésta el foro primario declaró *No Ha Lugar* la solicitud de desestimación y estrictamente dejó sin efecto el desistimiento en cuanto a Luis Ángel García Ramírez. A su vez, se mantuvo el desistimiento de la demanda sin perjuicio en contra de Ismael F. Torres Martínez. Sin duda, la aludida *Sentencia Parcial Enmendada* cumple con todos los requisitos de la Regla 42.3, *supra*. Por consiguiente, puso punto **final** a las reclamaciones y los derechos concernientes a Ismael F. Torres Martínez en el pleito. Toda vez que los términos reglamentarios para la presentación de la correspondiente apelación ya comenzaron a transcurrir, lejos de tratarse de un reclamo a destiempo, éste resultó oportuno.

Además, pese a que la moción de reconsideración presentada el 10 de septiembre de 2025 por la parte apelada aún está pendiente de adjudicación por el foro primario, debo precisar que ésta se refiere únicamente al planteamiento del Banco Popular de Puerto Rico de incorporar a Norma García Martínez como parte indispensable, y no guarda relación alguna con Ismael F. Torres Martínez. Obsérvese que los errores señalados en el recurso ante nos tratan sobre la

nulidad del emplazamiento del señor Torres Martínez y respecto a la celebración de una vista evidenciaria para examinar si la voluntad de Ismael F. Torres Martínez y José Arnaldo García Ramírez fue someterse a una comunidad de bienes. En este sentido, la parte apelante sostiene que el inmueble descrito en la demanda forma parte de la comunidad de bienes entre los señores Torres Martínez y García Ramírez. A tales efectos, la parte apelante afirma que Ismael F. Torres Martínez vivió en público concubinato con José Arnaldo García Ramírez por más de diez (10) años hasta que éste último falleció. Por tal razón, tanto la comunidad hereditaria y la supuesta comunidad de bienes ostentarían derechos sobre el bien inmueble objeto de ejecución.

Es indiscutible que, como corolario, la sentencia que se emita en ausencia de parte indispensable es nula. *Pérez Ríos et al. v. CPE* 213 DPR 203, 214 (2023); *Unysis P.R., Inc. v. Ramallo Brother Printing, Inc.*, 128 DPR 842, 859 (1991). En definitiva, el disponer del presente recurso por falta de jurisdicción es contrario a las normas procesales que rigen nuestro ordenamiento jurídico y al Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R. 13. Siendo ello así, lo que hoy mis compañeros de Panel estiman que es un reclamo prematuro, más adelante podría ser juzgado como tardío a causa del proceder de este foro revisor. Por ello, mi conciencia judicial me insta a disentir.

En San Juan, Puerto Rico, a 18 de noviembre de 2025.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones